United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LANTIQ NORTH AMERICA, INC. ET AL,

Plaintiff(s),

v.

RALINK TECHNOLOGY CORPORATION ET AL,

Defendant(s).

_______________________________________/

NO. CV 11-00234 EJD

**ORDER[1] GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**

[RE: Docket Item Nos. 17 and 23]

## I. INTRODUCTION AND BACKGROUND

Plaintiffs Lantiq North America, Inc. ("Lantiq California") and Lantiq Deutschland GmbH ("Lantiq DE") (collectively "Plaintiffs") bring this action against Defendants Ralink Technology Corporation, a California corporation ("Ralink California") and Ralink Technology Corporation, a Taiwanese corporation ("Ralink Taiwan") (collectively, "Defendants") for patent infringement and declaratory judgment ("Complaint").

Plaintiffs and Defendants are competitors who allegedly make, sell, offer for sale, import or use the same or similar networking, computing, integrated circuit (IC) and semiconductor products. On November 8, 2010, several months before Plaintiffs filed this action, Ralink Taiwan filed a patent infringement suit against Lantiq DE in the Western District of Wisconsin (the "Wisconsin Action"), alleging that Lantiq DE infringed United States Patent No. 5,394,116 ("the '116 Patent").

[1] This disposition is not designated for publication in the official reports.

The Wisconsin Action did not name Lantiq California as a defendant.

On January 14, 2011, Lantiq DE and Lantiq California filed the instant action in this District, alleging that Ralink Taiwan and Ralink California have infringed and are infringing, both directly and indirectly, United States Patent Nos. 6,351,799 ("the '799 Patent") and 7,061,904 ("the '904 Patent"). In addition to their patent infringement claims, Plaintiffs requested declaratory judgment for (a) non-infringement and invalidity of the '116 Patent; (b) that both Lantiq DE and Lantiq California are licensed to practice the '116 Patent; and (c) that Ralink Taiwan does not have standing to assert the '116 patent. Docket Item No. 1. When Plaintiffs filed the instant case, they submitted a Notice of Pendency that the '116 Patent was also at issue in the Wisconsin Action. Docket Item No. 3.

On February 9, 2011, Defendant Ralink California filed a motion to dismiss Counts I and II of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Counts III-VI pursuant to Fed. R. Civ. P. 12(b)(1). ("First Mot."). Docket Item No. 17. On February 25, 2011, Defendants Ralink California and Ralink Taiwan jointly filed a motion to dismiss all claims of Lantiq California pursuant to Fed. R. Civ. P. 12(b)(1), dismiss Counts I and II of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and dismiss or stay Counts III-VI of the Complaint according to the first to file rule ("Second Mot."). Docket Item No. 23.

On March 31, 2011, the Wisconsin Action was transferred to this District, after which Plaintiffs filed a request that the Court relate the two actions. On May 4, 2011, the Court ordered this case related to the Wisconsin Action. Docket Item No. 41. Defendants' pending motions to dismiss are presently before the Court. After carefully considering the arguments set forth by all parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a Court may dismiss an action for "lack of jurisdiction over the subject matter." Rule 12(b)(1) motions may challenge jurisdiction facially or factually. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to

United States District Court
For the Northern District of California

invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. It is the plaintiff who bears the burden of proving the existence of subject matter jurisdiction. Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

B. Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief can be granted. In deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). However, "material which is properly submitted as part of the complaint may be considered." Id.

In considering a motion pursuant to Rule 12(b)(6), the court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). Even so, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (internal citations omitted); Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. A complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Leave to amend should be freely granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Fed. R. Civ. P. 15(a). Where amendment to the

United States District Court
For the Northern District of California

complaint would be futile, the court may order dismissal with prejudice. Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996).

## III. DISCUSSION

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

#### 1. Dismissal of Lantiq California as Plaintiff in Counts I and II

Defendants contend that Lantiq California lacks standing to bring the infringement claims in Counts I and II. Those counts, as written, appear to collectively name Lantiq California and Lantiq DE as Plaintiffs. Complaint at 1:27-28; ¶¶ 18-33.

To establish standing for patent infringement, a party must generally hold legal title to the patent during the time of the alleged infringement or obtain "all substantial rights" to the patents through assignment or license. See Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1551-52 (Fed. Cir. 1995); Arachnid, Inc. v. Merit Indus, Inc., 939 F.2d 1574, 179 (Fed. Cir. 1991); Prima Tek II, L.L.C. v. A-Roo Co., 222 F.3d 1372, 1377 (Fed. Cir. 2000). It is the Plaintiff's burden to prove the existence of subject matter jurisdiction. Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Defendants argue that the allegations contained in the Complaint are insufficient on their face to invoke federal jurisdiction. See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). The Complaint alleges that Lantiq DE owns all interest in the '799 and '904 patents. Complaint at ¶¶ 19, 27. There is no allegation that Lantiq California has any ownership interest in, or is an exclusive licensee of, the '799 and '904 patents. Complaint; First Mot. at 5-6. Plaintiffs admit in their opposition that "Lantiq California is not asserting the '799 and '904 patents against Ralink Taiwan."[2] See Opposition to the Second Complaint, Docket Item No. 44, ("Second Opposition") at 3-4. Since the Complaint, on its face, does not establish subject matter jurisdiction on behalf of Lantiq California for Counts I and II, the Court GRANTS Defendants' Motion to Dismiss Lantiq California as a Plaintiff for Counts I and II, without leave to amend.

---

[2] The Court is not persuaded by Plaintiffs' argument that Ralink California waived its challenge to Lantiq California's standing by way of the parties' Joint Case Management Statement. See Docket Item No. 42. Although Defendants agreed in the Joint Case Management Statement that this Court generally has jurisdiction over patent claims, Defendants clearly addressed their pending motions to dismiss Lantiq California as a plaintiff. Docket Item No. 42 at 7.

United States District Court
For the Northern District of California

2. Dismissal of Lantiq California as Plaintiff in Counts III-VI

With respect to the declaratory judgment claims, Defendants argue that the allegations contained in the Complaint are insufficient on their face to invoke subject matter jurisdiction over Lantiq North America. Second Opp'n at 6-8; see also Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). Specifically, Defendants argue that the Complaint seeks a declaratory judgment in Lantiq California's favor, even though Lantiq California shares no ownership interest in the '116 Patent and it has not been accused of infringing the '116 Patent. Second Mot. at 6-8.

Plaintiffs respond that Lantiq California, as Lantiq DE's agent, offers for sale and sells the same allegedly infringing semiconductor products at issue in the Wisconsin Action. Second Opp'n at 4-5. Plaintiffs argue that the allegations in the Wisconsin Action, along with the lack of a "definite representation that Lantiq California's activities do not constitute infringement," place Lantiq California in immediate apprehension of being sued. Id. According to Plaintiffs, this apprehension creates an "actual controversy" over which the Court has subject matter jurisdiction. Id.

The Complaint states in relevant part:

> 8. On November 8, 2010, Defendant Ralink Taiwan filed an action in the Western District of Wisconsin . . . alleging that Lantiq DE infringes the '116 Patent . . . . Plaintiff Lantiq California is not a party to that suit. The Wisconsin Complaint alleges that Lantiq DE 'has infringed the '116 patent . . . by making, using, importing, offering for sale, or selling without a license or authority in this district and elsewhere in the United States, infringing semiconductor products . . . .'
>
> 9. Lantiq California acts as a sales agent and performs other functions for Lantiq DE and offers for sale products in the United States, including, on information and belief, products that Defendant expressly alleged to infringe the '116 Patent in the Wisconsin Complaint.
>
> 11. Because Ralink Taiwan has accused Lantiq's products of infringing the '116 Patent in the Wisconsin Case, there exists a substantial controversy between parties having adverse legal interests that is of sufficient immediacy and realty to warrant the issuance of a declaratory judgment. Accordingly, an actual controversy exists between Ralink Taiwan and Lantiq as to non-infringement and invalidity of the '116 Patent.

Complaint at ¶¶ 8, 9, 11.

United States District Court
For the Northern District of California

A federal court may not issue a declaratory judgment unless there is a "substantial controversy" of "sufficient immediacy and reality between parties having adverse legal interests." Medimmune, Inc., 549 U.S. at 118 (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)). The only jurisdictional basis that Lantiq North America asserts for its claims with respect to Ralink Taiwan's '116 patent is under the Declaratory Judgment Act. Complaint at ¶ 11. In declaratory judgment actions for patent invalidity or non-infringement, subject matter jurisdiction exists where the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).

In patent cases, an "actual controversy" arises "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license . . . ." SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1381 (2007). Generally, declaratory judgment jurisdiction "will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, *without some affirmative act by the patentee*." SanDisk, 480 F.3d at 1380-81 (emphasis added).

Here, the Complaint makes no allegations that Lantiq California has any rights under the '116 Patent. The quoted language of the Wisconsin Action does not allege that Ralink Taiwan took any affirmative acts against or otherwise accused Lantiq California of infringing the '116 Patent. Lantiq California is not named in the Wisconsin Action complaint, as quoted in the instant Complaint, nor is it a party to the Wisconsin Action. As the above language illustrates, the Wisconsin Action alleged that *Lantiq DE* infringed the '116 Patent by "offering for sale and/or selling . . . in the United States . . . " the allegedly infringing products.[3] Complaint at ¶ 8.

[3] As Defendants point out, the fact that a parent company might be liable for patent infringement does not create declaratory judgment jurisdiction on behalf of a subsidiary not accused of infringement. See, e.g., Dow Jones & Co. v. Ablaise Ltd., 606 F.3d 1338, 1348-49 (Fed. Cir. 2010) (Whether a patent owner "at present (or in the future) seeks to assert" a patent claim against a parent company "is consequently irrelevant to whether a controversy exists between" the patent owner and a subsidiary of the parent company.)

Lantiq California argues that a defendant can satisfy the "substantial controversy" standard for purposes of a declaratory judgment action by implicitly asserting that a plaintiff contributed to the infringement of the defendant's patents. See, e.g., Arris Group, Inc. v. British Telecommunications PLC, 639 F.3d 1368, 1373-74 (Fed. Cir. May 19, 2011); Second Opp'n at 5. According to Lantiq California, the Wisconsin Action against Lantiq DE implicitly asserted Lantiq California's contribution to the infringement of the '116 Patent, thereby creating a "substantial controversy."

Lantiq California's reliance on Arris Group, Inc., in support of this argument, is misplaced for several reasons. First, in Arris Group, Inc., the plaintiff accused a *customer* of direct infringement, based on the customer's making, using or selling of the supplier's allegedly infringing product. 639 F.3d at 1375-76. In those circumstances, the accusation is considered an implicit assertion of indirect infringement against the supplier, because it is the supplier's allegedly infringing products upon which the claims are based. Id. (relying on established exception to declaratory judgment jurisdiction).[4] The facts of this case are quite different, as the Wisconsin Action raised allegations against the ultimate *supplier*, Lantiq DE. As a result, the parties and allegations at issue in Arris Group, Inc. do not support finding a "substantial controversy" in this case. Second, the plaintiff in Arris Group, Inc. repeatedly communicated the implicit accusation directly to the supplier during the course of a protracted negotiation process. 639 F.3d at 1378-79. It was those acts, along with the potential liability a supplier faces from an accusation against a customer, that established "good reason to fear that it might be liable for contributory infringement." 639 F.3d at 1381. As previously noted, the quoted language of the Wisconsin Action does not allege that Ralink Taiwan took any affirmative acts or otherwise accused Lantiq California of contributory infringement.

Because the Complaint, on its face, does not establish a dispute "touching the legal relations of parties having adverse legal interests," the Court finds no subject matter jurisdiction over Lantiq

[4] See, e.g., Nat'l Coupling Co. v. Press-Seal Gasket Corp., 323 F.2d 629, 630, 632-633 (7th Cir. 1963); Nippon Elec. Glass Co., Ltd. v. Sheldon, 489 F.Supp. 119, 122 (S.D.N.Y. 1980); Sticker Indus. Supply Corp. v. Blaw-Knox Co., 367 F.2d 744, 747 (7th Cir. 1966).

United States District Court
For the Northern District of California

California's declaratory judgment claims. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Lantiq California as a plaintiff in Counts III, IV, V and VI, without leave to amend.

3. Dismissal of Ralink California as Defendant in Counts III-VI

To the extent that Plaintiffs name Ralink California as a defendant, Ralink California requests dismissal from Counts III, IV, V and VI of the Complaint. Ralink California contends that the Court lacks subject matter jurisdiction over any declaratory judgment claim against it for enforcement of the '116 Patent.

As explained herein, to establish standing for patent infringement, a party must generally hold legal title to the patent during the time of the alleged infringement or obtain all substantial rights to the patents through assignment or license. See supra at 4. It is the plaintiff's burden to prove the existence of subject matter jurisdiction. Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

The Complaint, as drafted, makes no allegation that Ralink California has made any "explicit threat" or taken any action directed against Plaintiffs regarding enforcement of the '116 Patent. Complaint at 7-10. There is no allegation that Ralink California owns or has rights to enforce that patent. Id. Further, Plaintiffs admit in their opposition that "Lantiq's declaratory judgment claims are *only* directed toward Ralink Taiwan as the purported owner of the '116 patent . . . ." See Opposition to First Complaint ("First Opposition"), Docket Item No. 32, at 8:14-18. Since the Complaint, on its face, does not establish subject matter jurisdiction against Ralink California for Counts III, IV, V or VI, the Court GRANTS Defendants' Motion to Dismiss Ralink California as a defendant in Counts III, IV, V and VI, without leave to amend.

**B. Ralink California's Motion to Dismiss Counts I and II for Failure to State a Claim**

1. Direct Infringement Claims Against Ralink California

Ralink California contends that the allegations of direct infringement in Counts I and II fail to meet the pleading standard of Rule 8, as set forth in Twombly and Iqbal. According to Ralink California, Plaintiffs make conclusory allegations that Defendants have infringed the '799 and '904 patents as follows:

United States District Court
For the Northern District of California

> 21. On information and belief, Ralink has in the past and continues to directly infringe, literally, or under the doctrine of equivalents, one or more claims of the Födlmeier Patent by making, using, offering for sale and/or selling the Accused Products in the United States that are within the scope of one or more claims of the Födlmeier Patent.
>
> 29. On information and belief, Ralink has in the past and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims of the Preiss Patent by making, using, offering for sale and/or selling the Accused Products in the United States that are within the scope of one or more claims of the Preiss Patent.

Complaint at ¶¶ 21, 29.

In the Complaint, Plaintiffs define "Accused Products" by identifying categories of products that each Defendant allegedly "sells, offers for sale, imports and uses" that contain the allegedly infringing technology. These include "networking, computing, integrated circuit (IC) and semiconductor products and products containing the same . . . ." Complaint at ¶¶ 6, 7.

With respect to each Defendant, Plaintiffs provide a list of allegedly infringing products, which "includ[e] but [are] not limited to:

> [A]ccess point (AP), router, Ethernet, network interface controller, universal serial bus (USB), peripheral component interconnect (PCI), PCI express (PCIe), and/or 802.11x products; Voice over Internet Protocol (VoIP) products, Bluetooth and WiFi products; bridge, router, gateway, 802.11x and/or xDSL (digital subscriber line) products; and IC cards in the United States, including within the Northern District of California.

Id.

These lists of products, however, are not specific and do not identify any single product by name or number. Defendant Ralink California contends that it cannot analyze the plausibility of Plaintiffs' patent infringement claims without specifically identifying the allegedly infringing product(s). See e.g., First Mot. at 10-12:3. Defendants argue the complaint lacks sufficient factual context, such as the "means by which" infringement is alleged, to "allow[ ] the court to draw the reasonable inference that the defendant is liable . . . ." See Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 556-57).

Plaintiffs respond that the Complaint conforms to the Rule 8 pleading standard as articulated in Twombly and Iqbal, and that requiring more specificity would be akin to Rule 9's requirement of

United States District Court
For the Northern District of California

particularized facts. First Opp'n at 3-4. According to Plaintiffs, the Complaint identifies both general and specific classes of products and has placed Defendants on notice of their infringement and what claims they must defend. Id.

To evaluate the sufficiency of Plaintiffs' Complaint under Rule 8, the Court must apply Iqbal's two-pronged framework. The first prong requires the Court to distinguish factual allegations, which must be taken as true, from "legal conclusion[s] couched as factual allegation[s]," which the Court "is not bound to accept as true." Iqbal, 129 S.Ct. at 1949-50. The second prong requires the Court to evaluate whether the factual allegations present a "plausible claim for relief." Id. In determining plausibility, the court may "draw on its judicial experience and common sense." Id. This Court disagrees with Plaintiffs that the broad categories of products listed in the Complaint put Ralink California on notice as to what it is to defend with respect to Counts I and II. Plaintiffs must provide more specific identification of the products in any given category that are allegedly infringing Plaintiffs' patents.

This conclusion is supported by the reasoning of a recent court decision issued in this District. See Bender v. LG Elecs. U.S.A., Inc., No. C 09-2114 JF, 2010 WL 889541 (N.D. Cal. Mar. 11, 2010). The Bender decision recognized a lack of uniformity in recent district court cases analyzing the level of specificity required in patent infringement complaints. Bender, 2010 WL 889541 at *4-5 (collecting cases). After comparing and analyzing the recent district cases, the court "[found] persuasive those decisions requiring enough specificity to give the defendant notice of what products or aspects of products allegedly infringe." Id. at *5. The Court agrees with the analysis in Bender and finds that Plaintiffs must do more than conclusorily allege the means by which Defendants are infringing on their '799 and '904 Patents

In their opposition papers, Plaintiffs propose filing a first amended complaint ("FAC") containing language that purports to remedy Defendants' stated concerns. This language would identify part numbers for the products that allegedly infringe. First Opp'n at 8-9. Since a 12(b)(6) determination is limited to the facts alleged in the operative pleading, the Court cannot rule on the adequacy of the proposed FAC, which is included in the text of Plaintiffs' opposition brief and is not properly before the Court. Based only upon the allegations in the Complaint, Plaintiffs'

United States District Court
For the Northern District of California

infringement claims fail to state a "plausible claim for relief" under Twombly and Iqbal. As discussed herein, Plaintiffs must do more than conclusorily allege the means by which Defendants are infringing on their '799 and '904 Patents and provide fair notice to Defendants of the specific infringements alleged.

The purpose of Rule 8 is to give a defendant notice of the claims against it, which in some circumstances, may not require specific facts. In patent infringement actions, however, bare or conclusory allegations leave the parties (and the Court) lacking sufficient information necessary to appropriately analyze the issues and controversy before them. The Plaintiffs must plead facts that put the Defendants on notice and allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 129 S.Ct. at 1949. More specific pleadings, that include a "brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does," Bender, 2010 WL 889541, at *6, would raise a plausible claim that the named products are infringing. Such a complaint would provide enough specificity for Defendant Ralink California to formulate a response, "without placing a heightened pleading burden" on Plaintiffs or requiring Plaintiffs to "plead every detail" of their infringement claims. Id.

For the foregoing reasons, the Court GRANTS with leave to amend, Ralink California's Motion to Dismiss Counts I and II of the Complaint, alleging direct infringement of the '799 and '904 patents.

2. Indirect Infringement Claims Against Ralink California

In order to state a claim for induced or contributory infringement, the complaint also must plead direct infringement. See Duhn Oil Tool, Inc. v. Cooper Cameron Corp., 2010 WL 2354411 at *2-3 (E.D. Cal. June 9, 2010) (citing Shearing v. Optical Radiation Corp., 1994 WL 382444 (D. Nev. Mar. 25, 1994) (for inducement liability to arise, there must be allegations of direct infringement by someone other than the inducer; likewise for claims of contributory infringement). Plaintiffs allege induced infringement and contributory infringement using the following language in Counts I and II of the Complaint:

United States District Court
For the Northern District of California

> [ ] infringe one or more claims of the [Födlmeier/Preiss] Patent by making, using, offering for sale and/or selling the Accused Products in the United States that are within the scope of one or more claims of the [Födlmeier/Preiss] Patent.

Complaint at ¶¶ 22, 23, 30, 31.

The excerpted language, purporting to set forth induced infringement and contributory infringement claims, is identical to the language found herein to insufficiently allege direct infringement. Supra, 8-11; compare Complaint at ¶¶ 21, 29, with Complaint at ¶¶ 22, 30, with Complaint at ¶¶ 23, 31. Since this language fails to provide a plausible claim for *direct* infringement under Twombly and Iqbal, it likewise does not provide a plausible claim for *induced* or *contributory* infringement. Accordingly, the Court GRANTS with leave to amend, Ralink California's Motion to Dismiss Counts I and II of the Complaint, alleging induced infringement and contributory infringement of the '799 and '904 patents.

**C. Ralink Taiwan's Motion to Dismiss Counts I and II for Failure to State a Claim**

Ralink Taiwan moves to dismiss Plaintiffs' claims of indirect infringement alleged in Counts I and II of the Complaint. Defendant argues that Plaintiffs failed to sufficiently allege indirect infringement of the '799 and '904 patents under FRCP 8(a) and Iqbal.

The language purporting to set forth induced and contributory infringement claims against Ralink Taiwan is the same language used to allege induced and contributory infringement against Ralink California. Supra, 11-12; compare Complaint at ¶¶ 21, 29, with Complaint at ¶¶ 22, 30, with Complaint at ¶¶ 23, 31. Since this language fails to provide a plausible claim for indirect infringement against Ralink California under Twombly and Iqbal, it likewise does not provide a plausible claim for indirect infringement against Ralink Taiwan. For the foregoing reasons, the Court GRANTS, with leave to amend, Defendants' Motion to Dismiss Plaintiffs' claims of indirect infringement under 35 U.S.C. 271(b) and 35 U.S.C. 271(c).

**D. Ralink Taiwan's Motion to Dismiss or Stay Counts III-VI**

Before the Wisconsin Action was transferred to this district, Ralink Taiwan moved to dismiss or stay the declaratory judgment counts of Plaintiffs' Complaint as an application of the

United States District Court
For the Northern District of California

well-established "first to file rule." Second Motion at 12-14. The rule allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in *another district*, and was developed to "serve[ ] the purpose of promoting efficiency" and comity with *other districts*. Alltrade, Inc. v. Uniwield Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991); Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982); Church of Scientology v. United States Dep't of the Army, 611 F.2d 738, 750 (9th Cir. 1979) (comity was foundation for first to file rule, permitting one district to decline judgment on an issue which is properly before another district). Because both matters have been ordered related and are now pending before the same Judge, the Court concludes that the "first to file rule" does not apply. Accordingly, Ralink Taiwan's motion to dismiss or stay Counts III-VI of Plaintiffs' Complaint is DENIED.

**IV. CONCLUSION**

For the foregoing reasons, the Court holds as follows:

(1) Defendants Ralink Taiwan and Ralink California's motion to dismiss Lantiq California as a plaintiff in all counts pursuant to Rule 12(b)(1) is GRANTED;

(2) Defendant Ralink California's motion to dismiss Counts III, IV, V and VI pursuant to Rule 12(b)(1) is GRANTED;

(3) Defendant Ralink California's motion to dismiss Counts I and II pursuant to Rule 12(b)(6) is GRANTED, with leave to amend;

(4) Defendant Ralink Taiwan's motion to dismiss claims of indirect infringement in Counts I and II pursuant to Rule 12(b)(6) is GRANTED, with leave to amend; and

(5) Defendant Ralink Taiwan's motion to dismiss or stay Counts III, IV, V and VI pursuant to the first-to-file rule is DENIED.

///

///

///

United States District Court
For the Northern District of California

Plaintiff Lantiq DE shall file an amended complaint, if any, within twenty-one (21) days of the date of this Order to cure the deficiencies discussed herein. Plaintiff may not add new causes of action or parties without leave of Court or by stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

Dated: June 30, 2011

EDWARD J. DAVILA
United States District Judge

14

11-CV-00234 EJD (PSG)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS
(*EJDLC2*)