UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANTIQ DEUTSCHLAND GMBH,<br><br>              Plaintiff,<br>v.<br><br>RALINK TECHNOLOGY CORPORATION, ET AL.<br><br>              Defendants. | Case No.: C-11-00234 EJD (PSG)<br><br>**ORDER GRANTING-IN-PART PLAINTIFF LANTIQ DEUTSCHLAND GMBH'S MOTION TO COMPEL**<br><br>**(Re: Docket No. 51)** |

In this patent infringement suit, Plaintiff Lantiq Deutschland GMBH ("Lantiq") moves to compel Defendants Ralink Technology Corporation, a California Corporation, and Ralink Technology Corporation, a Taiwanese Corporation, (collectively "Ralink") to produce documents. Ralink opposes the motion. Pursuant to Civ. L.R. 7-1(b), the court finds it appropriate to determine the motion without oral argument. Having reviewed the papers,

IT IS HEREBY ORDERED that Lantiq's motion to compel is GRANTED-IN-PART.

On April 19, 2011, after conferring pursuant to Fed. R. Civ. P. 26(b), Lantiq served Ralink with its first set of document requests. On May 23, 2011, Ralink served its objections and responses but produced no documents. After the parties met and conferred to discuss Ralink's failure to produce documents, Ralink assured Lantiq that it was reviewing documents collected from Taiwan and would produce responsive documents beginning on June 27, 2011.

ORDER, *page 1*

June 27 came and went, however, and no documents were produced. Significantly, during this conference Ralink did not raise either its burden or scope objection. Instead, Ralink represented that it expected to produce documents at the end of that week or at the beginning of the following week. Again, no documents were produced. When Ralink was confronted about its continued lack of production, it claimed that the lack of a protective order in the case excused any failure on its part to produce documents. Lantiq states that despite the provision in the Patent Local Rules providing that "[d]iscovery cannot be withheld on the basis of confidentiality" and that "[t]he Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order," it nevertheless agreed to accept Ralink's documents on an "Outside Attorneys' Eyes Only" basis. Nearly five months after Lantiq served its first set of document requests and after Ralink represented that its production was coming, Ralink now maintains that Lantiq's document requests are vague and overbroad. Only after Lantiq filed this motion to compel did Ralink produce a small number of documents. Ralink also offered an inspection of certain files, but has not to date confirmed precisely when the inspection may take place.

    For its part, Ralink highlights several procedural shortcomings by Lantiq in bringing the motion to compel, including Lantiq's failure to meaningfully meet and confer to resolve the dispute and its failure to adhere to the form required by Civ. L.R. 37-2.[1] As noted above, Ralink complains that the discovery requests are "exceedingly overbroad" and fail to satisfy the proportionality requirements set forth in Fed. R. Civ. P. 26(b)(2). Ralink faces an "enormous and unjustified" burden and expense in responding to the proposed discovery. In particular, Ralink notes that Lantiq's definitions for the "'799 Accused Products" and the "'904 Accused Products" are virtually identical, even though those patents involve different technologies and are not themselves coextensive. Ralink argues therefore that the requests are not reasonably calculated to lead to the discovery of admissible evidence. Lastly, Ralink notes that Lantiq's

---

[1] The court notes that just a short while ago, in response to Lantiq's criticisms of Ralink's adherance to procedure and form before filing a motion to compel, Ralink decried "cat and mouse game[s]" that "delay any progress on the merits of this case." Case No. 11-1549, Docket No. 79 at 3.

motion is largely moot in light of its recent production and that it will produce still more documents in advance of the case management conference scheduled to be held on October 21, 2011.

Notwithstanding its various objections, at bottom Ralink has failed to produce most of the documents responsive to Lantiq's first request for production of documents. It made repeated, and apparently hollow, assurances to Lantiq that it would produce responsive documents shortly. However, it has not done so. Instead, after making repeated production assurances, Ralink only now meaningfully attempts to resurrect the general objections it asserted on May 23 concerning undue burden and the allegedly overbroad and identical definitions of the accused products for at least two of the asserted patents.

As to Ralink's claim of burden, Ralink has made no evidentiary showing of undue burden and only presents attorney argument. Attorney argument, however, is insufficient to substantiate a claim of undue burden. As to Ralink's claim that the two accused products definitions are identical and in fact, not coextensive, this court has previously explained to these same parties that disputes over the definition of accused products are properly addressed in context of disclosures under Pat. L.R. 3-1, and should not hold up discovery that is undeniably appropriate.[2] Accordingly, Lantiq's motion to compel is GRANTED-IN-PART.

Other than as to those products that in good faith it believes are not the appropriate subject of Lantiq's infringement contentions, Ralink shall produce all documents responsive to Lantiq's first request for production no later than October 20, 2011. With respect to those products that Ralink disputes, the parties shall confer on whether Lantiq may properly include them when it serves its Pat. L.R. 3-1 disclosures. If the parties are unable to reach an agreement, Lantiq should serve its disclosures in accordance with the schedule set by the presiding judge. Ralink may then file a motion to strike the disclosure. Depending on the court's ruling on such a motion, the court will at that time order further production of documents regarding the products in dispute. Lantiq is reminded that its Pat. L.R. 3-1 disclosures are subject to the

---

[2] *See* Case No. 11-1549; Docket No. 85 at 2.

certification requirements of Patent L.R. 2-3 and Fed. R. Civ. P. 11.

**IT IS SO ORDERED**.

Dated: September 15, 2011

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge