UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RALINK TECHNOLOGY CORPORATION, </br></br> Plaintiff, </br></br> v. </br></br> LANTIQ DEUTSCHLAND GMBH, </br></br> Defendant. | Case No.: 5:11-CV-1549 EJD </br></br> **ORDER GRANTING MOTION TO CONSOLIDATE** </br></br> **(Re: Docket No. 88)** |

Pending before the court is Defendant Lantiq Deutschland GMBH's ("Lantiq DE"), motion to consolidate this case with the related, primary case, 5:11-CV-00234 EJD, (the "primary case") or, in the alternative, to stay this action pending the outcome of the primary case. The court finds this motion is appropriate for determination without oral argument. See Civil L.R. 7-1(b). For the reasons discussed below, the motion to consolidate is GRANTED.

**I. BACKGROUND**

On November 8, 2010, Ralink Technology Corporation, a Taiwanese corporation, ("Ralink Taiwan") filed the complaint in this action against Lantiq DE in the United States District Court for the Western District of Wisconsin alleging that Lantiq DE infringed U.S. Patent No. 5,394,116 ("'116 patent").

On January 14, 2011, Lantiq North America and Lantiq DE filed the complaint in the primary action in this district. The complaint alleges that Ralink Technology Corporation, a

1

1  California corporation, and Ralink Taiwan infringed U.S. Patent Nos. 6,351,799 ("'799 patent")
2  and 7,061,904 ("'904 patent") and seeks a declaration that Lantiq had not infringed U.S. Patent No.
3  5,394,116 ("'116 patent") and that the '116 patent is invalid.

4  On March 29, 2011, Judge Barbara Crabb, United States District Judge in the Western
5  District of Wisconsin, granted Lantiq DE's motion to transfer this action to the Northern District of
6  California. See Docket No. 58. On May 4, 2011, this court related this case and the primary case.
7  See Docket No. 64. On August 16, 2011, Lantiq DE filed this motion to consolidate this case and
8  the primary case, and oral argument was scheduled for February 3, 2012. See Docket No. 88.

## II. LEGAL STANDARDS

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). District courts have broad discretion under this rule to consolidate cases pending in the same district. Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate actions under Rule 42(a), the court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, or expense that it would cause. Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).

## III. DISCUSSION

Lantiq DE argues that this case should be consolidated with the primary case because the only claim in this case is whether Lantiq DE infringes the '116 patent. Thus, the issues of infringement, validity, and enforceability of the '116 patent are identical in the two cases, and so are the relevant parties, Lantiq DE and Ralink Taiwan. Additionally, Lantiq DE argues that, although the three patents at issue in the primary case pertain to different parts of an integrated circuit, they implicate the sale and manufacture of the same products. Lantiq DE argues that given the overlap of factual and legal issues, as well as the fact that both cases are already assigned to the same district judge and the same magistrate judge, consolidation would conserve the court's and the parties' resources and avoid the risk of inconsistent judgments.

Ralink Taiwan argues that this motion is an attempt to delay Ralink Taiwan's efforts to enforce the '116 patent. Specifically, Ralink Taiwan argues that a consolidated action would

progress more slowly than this action would otherwise. Ralink Taiwan further argues that, although the three patents all relate to integrated circuits, they deal with different technologies. Rather, Ralink Taiwan argues the court should *sua sponte* dismiss or stay the declaratory judgment claims relating to the '116 patent in the primary case and allow this case to proceed as a stand-alone action.

Both this case and the primary case require the court to determine whether the '116 patent is valid and enforceable and whether Lantiq DE has infringed upon Ralink Taiwan's rights under that patent. Thus, these cases share common questions of law and fact. Resolving these questions in one consolidated case likely will conserve the court's and the parties' resources. Ralink Taiwan has not provided persuasive evidence that a potential delay caused by consolidation will prejudice Ralink Taiwan. Nor has Ralink Taiwan demonstrated that the litigation regarding the '116 patent and the litigation regarding the '799 patent and the '904 patent are sufficiently unrelated such that the court should *sua sponte* dismiss Lantiq DE's claim for declaratory relief and the '116 patent claims should proceed as a separate action. Accordingly,

IT IS HEREBY ORDERED that the motion to consolidate is GRANTED. This action, 5:11-CV-1549, shall be consolidated with the primary case, 5:11-CV-00234. This action, 5:11-CV-1549, shall be closed. All future documents shall be filed under the case number and caption of the primary case.

IT IS FURTHER ORDERED that Ralink Taiwan may file an amended answer and counter-complaint no later than February 29, 2012.

Dated: Hgdtwct{"3."4234



EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:11-CV-1549 EJD
ORDER GRANTING MOTION TO CONSOLIDATE