WILLIAM H. WRIGHT (STATE BAR NO. 161580)
wwright@orrick.com
CHRISTOPHER A. HIVICK (STATE BAR NO. 271098)
chivick@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Telephone:    +1-213-629-2020
Facsimile:    +1-213-612-2499

Attorneys for Defendants
RALINK TECHNOLOGY CORPORATION (a California
Corporation) and RALINK TECHNOLOGY CORPORATION
(a Taiwanese Corporation)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANTIQ DEUTSCHLAND GMBH,<br><br>          Plaintiffs,<br><br>     v.<br><br>RALINK TECHNOLOGY CORPORATION<br>(a California Corporation) and RALINK<br>TECHNOLOGY CORPORATION (a<br>Taiwanese Corporation),<br><br>          Defendants. | Case No.  5:11-cv-00234-EJD<br><br>**RALINK'S OPPOSITION TO<br>LANTIQ'S MOTION FOR LEAVE<br>TO FILE PROPOSED SECOND<br>AMENDED COMPLAINT**<br><br>Date: March 30, 2012<br>Time: 9:00 a.m.<br>Before: Honorable Edward J. Davila |

MOTION TO STRIKE LANTIQ'S PATENT L.R. 3-1
DISCLOSURE OF ASSERTED CLAIMS AND
INFRINGEMENT CONTENTIONS. NO. 5:11-CV-00234-EJD

OHSUSA:750090701.1

1

**TABLE OF CONTENTS**

2

INTRODUCTION .................................................................................................................. 1

3

BACKGROUND .................................................................................................................... 3

4

ARGUMENT ......................................................................................................................... 4

5

I. Lantiq Failed to Request Modification of the Scheduling Order ...................................... 5

6

II. Lantiq's Lack of Diligence Negates Good Cause ........................................................... 5

7

    A. Lantiq Has Not Been Diligent in Seeking Leave to Amend .................................... 6

8

        1.  Lantiq's Intention Is, and Has Been, To Delay This Case ................................. 6

9

        2.  Lantiq's Delay Was Extended Due to Its Failure to Follow the Rules .............. 8

10

    B. Ralink Would Be Prejudiced by the Proposed Amended Complaint ....................... 9

11

    C. Alleged Prejudice to Lantiq Does Not Support Leave to Amend .......................... 10

12

III. Lantiq Cannot Satisfy Rule 15's Standards for Leave to Amend ............................... 11

13

IV. Joinder of MediaTek Violates Rule 20 and the America Invents Act ........................ 12

14

    A. Ralink is Not Jointly Liable for Any Alleged Infringement by MediaTek ............ 13

15

    B. Joinder Is Improper and Any Claims Against MediaTek Must Proceed
        Separately From this Action ................................................................................ 15

16

17

CONCLUSION .................................................................................................................... 18

18

19

20

21

22

23

24

25

26

27

28

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
LEAVE TO AMEND

OHSUSA:750090701.1

1

**TABLE OF AUTHORITIES**

2
3

*A. Stucki Co. v. Worthington Indus., Inc.*,
    849 F.2d 593 (Fed. Cir. 1988) ........................................................................13, 14

4

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
    465 F.3d 946 (9th Cir. 2006) ...........................................................................11, 12

5
6

*CNET Networks v. Etilize Inc.*,
    584 F. Supp. 2d 1260 (N.D. Cal. 2008) ...........................................................10, 12

7
8

*Dow Jones & Co., Inc. v. Ablaise, Ltd*,
    606 F.3d 1338 (Fed. Cir. 2010) ...................................................................... 14

9

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*,
    Case No. C-09-0511, 2011 U.S. Dist. LEXIS 41251 (N.D. Cal. Apr. 12, 2011) ................... 18

10
11

*Fidelity Fin. Corp. v. Fed. Home Loan Bank of San Francisco*,
    792 F.2d 1432, 1438 (9th Cir. 1986) ................................................................ 12

12
13

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
    328 F.3d 1122 (9th Cir. 2003) ....................................................................13, 18

14

*In re Conseco Life Ins. Co. Trend Ins. Mkt. and Sales Practice Litigation*,
    2012 U.S. Dist. LEXIS 8565 (N.D. Cal. Jan. 25, 2012) .................................................4, 7

15
16

*Irise v. Axure Software Solutions, Inc.*,
    2009 WL 3615973 (C.D. Cal. July 30, 2009) ............................................................5

17
18

*Jackson v. Laureate, Inc.*,
    186 F.R.D. 605 (E.D. Cal. 1999) ..........................................................................6

19

*Johnson v. Buckley*,
    356 F.3d 1067 (9th Cir. 2003) .......................................................................11, 12

20
21

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ....................................................................passim

22
23

*Multi-Tech Sys., Inc. v. Net2Phone, Inc.*,
    Case No. Civ. 00-348, 2000 WL 34494824 (D. Minn. June 26, 2006) ................................. 16

24

*Nucal Foods, Inc. v. Quality Egg LLC*,
    No. CIV S-10-3105 KJM-CKD, 2012 WL 260078 (E.D. Cal. Jan. 27, 2012) ....................... 9

25
26

*Osakan v. Apple Am. Group*,
    No. C-08-4722, 2010 U.S. Dist. LEXIS 53830 (N.D. Cal. May 3, 2010) ............................. 9

27

*Rotec Industries, Inc. v. Mitsubishi Corp.*,
    215 F.3d 1246 (Fed. Cir. 2000) .......................................................................... 17

28

- iii -

OHSUSA:750090701.1

*Trans Video Elecs., Ltd. v. Sony Elecs., Inc.,*
    Case No. C-09-3304, 2011 U.S. Dist. LEXIS 131688 (N.D. Cal. Nov. 15, 2011) ................... 4

*U.S. v. Bestfoods,*
    524 U.S. 51 (1998) .................................................................................................................. 13

*U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,*
    768 F.2d 1099 (9th Cir. 1985) ................................................................................................. 4

*Use Techno Corp. v. Kenko USA, Inc.,*
    2007 U.S. Dist. LEXIS 62640 (N.D. Cal. Aug. 13, 2007) ........................................................ 5

*Wechsler v. Macke Int'l Trade, Inc.,*
    486 F.3d 1286 (Fed. Cir. 2007) ............................................................................................. 13

*WiAV Networks, LLC v. 3COM Corp.,*
    Case No. C 10-03448, 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010) ................................... 4, 16

STATUTES

35 U.S.C. § 299 ............................................................................................................................. 15

OTHER AUTHORITIES

Fed. R. Civ. P. 15 .................................................................................................................. passim

Fed. R. Civ. P. 16 .................................................................................................................. passim

Fed. R. Civ. P. 20 .................................................................................................................. passim

H.R. Rep. No. 112-98 (2011) ........................................................................................................ 16

Patent Local Rule 3-6 ........................................................................................................... passim

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
LEAVE TO AMEND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

The Court should deny Lantiq's untimely second attempt to amend its Complaint to add new MediaTek parties, products, and claims that would substantially delay and complicate this action. Numerous reasons require that result.

First, without even reaching the merits, the Motion for Leave should be denied because Lantiq has once again failed to comply with the requirements for amending its pleadings. In the 9th Circuit, a party that seeks leave to amend a pleading after the deadline for doing so in a scheduling order must also move for modification of the scheduling order pursuant to Fed. R. Civ. P. 16. *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). Lantiq's Motion for Leave does not even mention this requirement or the Rule 16 standards that the Motion must satisfy, and it fails even to acknowledge that the Scheduling Order set by the Court would have have to modified if the proffered amendments were allowed. Had Lantiq complied with the requirement by proposing a modified schedule of the type that its motion necessarily would require, then Lantiq's own submissions would have documented why the proffered amendments would delay this action and work unfair prejudice to Ralink. Lantiq's Motion for Leave can and should be denied on this basis alone.

Second, there is no basis for Lantiq's argument that the Court should show "leniency" for Lantiq's late filing of the instant Motion for Leave. Lantiq claims that it "mistakenly believed" that the Scheduling Order said something that it clearly does not. As the Court recognized in striking the Second Amended Complaint that Lantiq filed on December 23, 2011, the Scheduling Order cannot reasonably be read to exempt Lantiq from compliance with Rule 15. Moreover, Lantiq has now followed its first "mistake" of failing to seek leave to file a Second Amended Complaint with another defective filing that also disregards Court procedures. Such disregard of Court Orders and rules runs contrary to the good cause showing that Lantiq must make to support amendment of pleadings at this late date. Lantiq still has offered no explanation for why, if its proffered amendments were appropriate, it did not proffer those amendments back in November 2011, when it improperly included various references to MediaTek in its Infringement Contentions. It is apparent that Lantiq at each step has waited as

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR LEAVE TO AMEND

1    long as it thought it possibly could before seeking leave to amend the Complaint, so as to slow

2    this action down as much as possible. That delay should not be rewarded.

3         Third, the Motion for Leave does not even attempt to show that the proffered

4    amendments meet all the requirements of Rule 15. Lantiq instead relies solely on its "good

5    cause" argument, which is flawed and unpersuasive. The Ninth Circuit has made clear that

6    such an argument is not coextensive with the requirements of Rule 15. *Johnson*, 975 F.2d at

7    609. Lantiq's failure to make a sufficient showing under Rule 15 mandates denial of its

8    Motion. Moreover, Lantiq's untimely attempt to add new parties, new accused products, and

9    new claims will needlessly delay this litigation and seriously prejudice Ralink's infringement

10   case against Lantiq. In contrast, Lantiq will not suffer any prejudice if it cannot join whatever

11   separate claims it believes it may have against MediaTek in this action against Ralink. These

12   factors require that leave to amend be denied under Rule 15.

13        Fourth, Lantiq's Motion for Leave is contrary to the joinder limitations of the America

14   Invents Act ("AIA"), 35 U.S.C. § 299. Given Lantiq's failure to adequately support its Motion

15   for Leave and to ask for modification of the Scheduling Order, the Court need not even reach

16   Lantiq's Rule 20 joinder argument. If the Court does so, however, it will see that Lantiq's

17   argument contains nothing more than vague assertions that MediaTek and Ralink have

18   "merged" and therefore should be treated as one and the same company. Ralink has provided

19   Lantiq with documentation that establishes that it is a separate company, even though it is now

20   a subsidiary of MediaTek. That Lantiq chooses to ignore those documents does not provide a

21   reason to include two distinct companies that make different products in a single action, simply

22   because they are alleged to infringe the same patents.

23        Finally, despite the fact that the Motion neither addresses the standards of Rule 16 nor

24   seeks modification of the Scheduling Order, an application of those governing standards makes

25   clear that the Motion must be denied. Lantiq has failed to show diligence in seeking leave to

26   amend. Indeed, Lantiq's late attempt to add new parties and new products to this litigation is

27   another in a long line of delay tactics to stall Ralink's case. Accordingly, the Court should

28   maintain its Scheduling Order and deny Lantiq's Motion for Leave.

- 2 -                RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
                     LEAVE TO AMEND

1

**BACKGROUND**

2          Lantiq filed an Amended Complaint on July 7, 2011 against Ralink Technology

3   Corporation (of California) and Ralink Technology Corporation (of Taiwan).  (D.I. 49).

4   MediaTek was not named in that complaint.  *Id.*  MediaTek was not a party to that Complaint

5   and no MediaTek products were accused of infringement.  *Id.*

6          On September 22, 2011, over five months ago, Lantiq served its Second Set of

7   Requests for Production.  In these discovery requests, Lantiq sought documents related to

8   MediaTek, its products, and its acquisition of Ralink, which was publicly announced in the

9   Spring of 2011.  Thus, it is undisputed that Lantiq was aware that Ralink had become a

10  MediaTek subsidiary by last September, many months before filing this Motion for Leave to

11  Amend.  Lantiq further focused attention on MediaTek in the October 14, 2011 Joint Case

12  Management Statement, by including an extended discussion of MediaTek in the "Defendant"

13  section.  Ralink also notified the Court and Lantiq of its subsidiary relationship with Lantiq in

14  the same filing.  Still, Lantiq did nothing to seek leave to amend its pleadings to include any

15  claim against MediaTek.

16         In its Infringement Contentions, served on November 4, Lantiq accused a number of

17  MediaTek products of infringement and inaccurately alleged that MediaTek and Ralink had

18  merged to form a single corporation, which Lantiq referred to as MediaTek/Ralink.  *See* Decl.

19  of Christopher A. Hivick in Supp. of Ralink's Opp'n to Lantiq's Mot. for Leave to file a

20  Second Am. Compl. ("Hivick Decl."), ¶ 13, Exh. E.  Lantiq had no basis for that allegation.

21  Indeed, Lantiq made these allegations even though it was aware that (a) MediaTek was not and

22  is not a party to this lawsuit, (b) Ralink does not make, use or offer for sale the MediaTek

23  products accused of infringement, and (c) there had been no transfer of interest from Ralink to

24  MediaTek relating to sales of Ralink's accused products.  Lantiq also knew or should have

25  known through publicly available information that Ralink and MediaTek are not the same

26  corporate entity.  Hivick Decl., ¶ 12.

27         After receiving Lantiq's Infringement Contentions, Ralink informed Lantiq that its

28  contentions were deficient, in part because they improperly accuse MediaTek products of

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
                                                        LEAVE TO AMEND

OHSUSA:750090701.1

1   infringement.  The parties have met and conferred on this issue a number of times, but Lantiq

2   has refused to withdraw its contentions and continues to treat Ralink and MediaTek as if they

3   are the same corporate entity.  Hivick Decl., ¶¶ 10-12.  Lantiq has done so even after being

4   presented with documentation demonstrating that these entities are separate corporations.

5   Hivick Decl., ¶ 12.

6        Lantiq next filed a Proposed Amended Complaint on December 23, 2011, the last day

7   for amending pleadings, in an attempt to add various MediaTek companies to this action and to

8   remedy the fact that Lantiq's Infringement Contentions took aim at products of a non-party.

9   On February 1, 2012, the Court struck Lantiq's Proposed Second Amended Complaint.  After

10  waiting three more weeks—a delay that Lantiq has not even attempted to justify—Lantiq filed

11  a motion for leave to file another Second Amended Complaint.  *See* (D.I. 106, at 3).  The new

12  motion seeks, under Rules 15 and 20, to expand this litigation and add new claims for

13  infringement and new parties to the case.  *Id.*

14                              **ARGUMENT**

15       Lantiq's Motion for Leave to Amend should be denied on any of a multitude of

16  grounds.  Lantiq did not properly seek modification of the Scheduling Order for leave to

17  amend.  *See Johnson*, 975 F.2d at 608-09 (a district court may "deny as untimely a motion

18  filed after the scheduling order cut-off date where no request to modify the [scheduling] order

19  has been made.")(citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099,

20  1104 (9th Cir. 1985).  Lantiq cannot show good cause for leave to amend under Rule 16,

21  because it delayed unnecessarily in seeking to expand the litigation.  *See id; In re Conseco Life*

22  *Ins. Co. Life Trend Ins. Mkt. and Sales Practice Litigation*, 2012 U.S. Dist. LEXIS 8565, at *

23  11-12 (N.D. Cal. January 25, 2012).  Lantiq cannot satisfy the requirements of Rule 15 because

24  of the undue delay to the litigation and prejudice to Ralink.  *Trans Video Elecs., Ltd. v. Sony*

25  *Elecs., Inc.*, Case No. C-09-3304, 2011 U.S. Dist. LEXIS 131688, at * 6-7 (N.D. Cal. Nov. 15,

26  2011).  Finally, Lantiq's attempt to add MediaTek to this case fails to satisfy the joinder

27  requirements under Rule 20 and the recently passed America Invents Act because MediaTek is

28  a separate entity with its own products.  35 U.S.C. §299; *WiAV Networks, LLC v. 3COM*

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
                                                                 LEAVE TO AMEND

1 | *Corp.*, Case No. C 10-03448, 2010 WL 3895047, at * 2-3 (N.D. Cal. Oct. 1, 2010).

2 | **I.     Lantiq Failed to Request Modification of the Scheduling Order**

3 |       Lantiq's Motion for Leave must be denied because Lantiq yet again failed to follow the

4 | proper procedure and seek modification of the Court's Scheduling Order. *Johnson*, 975 F.2d

5 | at 608-09. In the 9th Circuit, a party cannot merely move to amend a complaint when the

6 | deadline in the scheduling order has passed. *Id.* Instead, a request to amend the scheduling

7 | order must accompany the request for leave to amend. *Id.*; *see also Use Techno Corp. v.*

8 | *Kenko USA, Inc.*, 2007 U.S. Dist. LEXIS 62640, at *3 (N.D. Cal. Aug. 13, 2007); *Irise v.*

9 | *Axure Software Solutions, Inc.*, 2009 WL 3615973, at * 2-3 (C.D. Cal. July 30, 2009) ("Where

10 | the deadline for filing motions has passed, a party's failure to request modification of the

11 | Court's scheduling order is sufficient grounds for the Court to deny the party's motion to

12 | amend its pleading."). Lantiq's Motion for Leave to Amend is not accompanied by a request

13 | to modify the Scheduling Order. Indeed, it contains not even one mention of Fed. R. Civ. P.

14 | 16. On this basis alone, Lantiq's Motion for Leave to Amend should be denied.

15 | **II.    Lantiq's Lack of Diligence Negates Good Cause**

16 |       Even if the Court were to consider the merits of Lantiq's Motion for Leave to Amend,

17 | it must still be denied because Lantiq's lack of diligence negates the necessary good cause

18 | finding it needs to amend its complaint and modify the Scheduling Order. Lantiq filed its

19 | Motion for Leave to Amend after the deadline in the Scheduling Order and, therefore, Rule

20 | 16(b), not rule 15(a) controls. *Johnson*, 975 F.2d at 608. Even though Lantiq flouts the liberal

21 | amendment standards of Rule 15, "[a] court's evaluation of good cause [under Rule 16(b)] is

22 | not coextensive with an inquiry into the propriety of the amendment under…. *Rule 15*." *Id.* at

23 | 609. Accordingly, Lantiq's Motion for Leave to Amend must be decided under the "good

24 | cause" standard set forth in Fed. R. Civ. P. 16 and the Patent Local Rules – neither of which

25 | Lantiq even mentions in its motion.

26 |       Under Rule 16(b), a motion for leave to amend focuses on the diligence of the party

27 | seeking the amendment. *Id.* A district court may modify the scheduling order to permit leave

28 | to amend if the deadlines in the schedule "cannot reasonably be met despite the diligence of

- 5 -

OHSUSA:750090701.1

1    the party seeking the extension." *Id.* The carelessness of a party "is not compatible with a

2    finding of diligence and offers no reason for a grant of relief." *Id.* Rather, diligence is

3    assessed by considering the movant's good-faith efforts to comply with the deadline, including

4    factors such as whether the need for amendment was caused by matters that were not, and

5    could not have been, foreseeable at the time of the scheduling conference, and the movant's

6    diligence in seeking amendment once the need to amend became apparent. *Jackson v.*

7    *Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

8         A.    **Lantiq Has Not Been Diligent in Seeking Leave to Amend**

9              At a minimum, Lantiq has delayed filing an amended complaint since at least October

10   14, 2011 – nearly five months after Ralink notified the Court of its subsidiary relationship with

11   MediaTek in the Parties' Joint Case Management Statement.  (D.I. 65, at 2).  There has been

12   no change in Ralink's relationship with MediaTek since last October to explain or justify

13   Lantiq's filing of a motion for leave at this late date.  Rather than show diligence on the part of

14   Lantiq, the Motion for Leave to Amend demonstrates its latest delay tactic to this case.

15              **1.    Lantiq's Intention Is, and Has Been, To Delay This Case**

16              Further negating any finding of diligence or good cause – aside from the sheer span of

17   time Lantiq delayed in seeking leave to amend – is that Lantiq failed to show that it discovered

18   any new information since first discovering the relationship between Ralink and MediaTek

19   many months ago. *Jackson*, 186 F.R.D. at 608.  Indeed, even before Lantiq served its

20   Infringement Contentions four months ago on November 4, 2011, it was fully aware that

21   MediaTek had acquired Ralink as a subsidiary.  The nature of MediaTek's relationship with

22   Ralink California and Ralink Taiwan was publicly reported at least as early as the Spring of

23   2011.  Hivick Decl. ¶ 12. And Lantiq has been aware of that developing relationship since at

24   least the service of its Second Set of Requests for Production on September 22, 2011.  Hivick

25   Decl. ¶ 5.  Notwithstanding this knowledge, Lantiq chose not to amend its complaint to include

26   MediaTek as a party and chose not to raise even the possibility of adding MediaTek or its

27   products to this action with the Court at the October 21 Case Management Conference, when

28   Lantiq argued for a common schedule for this action and the Ralink '116 action.  Instead,

- 6 -    RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
          LEAVE TO AMEND

1   Lantiq attempted to add claims of infringement directed to MediaTek products and actions in

2   its Infringement Contentions and not file an amended complaint. It now attempts to correct its

3   error – caused only by itself – through an untimely filed Motion. Because Lantiq could have

4   filed its amended complaint at least when it served its Infringement Contentions, it has failed

5   to show that the Scheduling Order deadlines could not "reasonably be met despite the diligence

6   of the party seeking the extension." *Johnson*, 975 F.2d at 609. Accordingly, Lantiq was not

7   diligent and its delay provides adequate grounds to deny Lantiq the opportunity to benefit from

8   its own gamesmanship.

9          The arguments Lantiq advances in support of its alleged diligence rest on factually

10  inaccurate statements and a barrage of excuses aimed at blaming Ralink for Lantiq's

11  unreasonable delay. First, Lantiq wrongly accuses Ralink of withholding its subsidiary status

12  from the Court until the filing of its supplemental Rule 7.1 statement. (D.I. 106, at 9). To the

13  contrary, Ralink specifically notified the Court on October 14, 2011 that:

14             Ralink Taiwan is now a wholly owned subsidiary of MediaTek
               Inc. Ralink notes that Ralink Taiwan remains a separate
15             corporation, that MediaTek, Inc. is not a party to this action, and
               that Ralink is unaware of any matters relating to MediaTek that are
16             at issue in this action.

17  (D.I. 65, at 2). Thus, only 13 days after becoming a subsidiary of MediaTek, Ralink promptly

18  notified the Court, and Lantiq, of its corporate status. Lantiq's excuse for its delay is baseless.

19         Second, Lantiq attempts to excuse its delay based on discovery it served on Ralink, but

20  directed at MediaTek. (D.I. 106, at 9). Specifically, Lantiq claims that it could not determine

21  whether *MediaTek* products infringed its patents because *Ralink* did not respond to discovery

22  requests. *Id.* Clearly, Ralink cannot respond to discovery directed to a non-party and it is

23  certainly not Ralink's burden to prove infringement by MediaTek. Furthermore, even if a

24  delay in providing discovery by Ralink was a factor in Lantiq's delay, it is not an acceptable

25  excuse. *See In re Conseco*, 2012 U.S. Dist. LEXIS 8565, at *12 (in denying leave to amend,

26  noting that "[e]ven if Conseco Life engaged in dilatory tactics in discovery, diligence requires

27  that when a deadline cannot be met, plaintiffs contact the Court to request additional time, or

28  pursue discovery through motions to compel."). Even though such a motion to compel

- 7 -     RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
          LEAVE TO AMEND

1   discovery directed at MediaTek would have been futile, Lantiq did not exercise diligence and

2   pursue that option.

3        Notwithstanding that discovery delays are not valid excuses for delay, Lantiq's excuse

4   is further negated by the fact that Ralink produced the specific evidence requested by Lantiq.

5   Lantiq now complains that it did not receive any documents simply because the documents

6   produced by Ralink support the fact that Ralink and MediaTek are separate companies.

7   Because of its frustration with the fact that Ralink and MediaTek are not one company, Lantiq

8   more recently has demanded production of documents by Ralink to prove that Ralink is not the

9   alter ego of MediaTek. Of course, no such documents exist, since no company keeps

10  documents that show that it is not acting in an alter ego capacity. Thus, Ralink clearly has not

11  refused to provide discovery, but instead has engaged in good faith to address Lantiq's

12  requests.  Accordingly, Lantiq's excuse for its delay again falls flat and prevents any finding of

13  good cause.

14        **2.    Lantiq's Delay Was Extended Due to Its Failure to Follow the Rules**

15        Lantiq's justifications for leave to amend amount to nothing more than a recitation of

16  the errors and misguided tactical decisions Lantiq has made throughout this suit.  Such reasons

17  for delay are not acceptable in the Ninth Circuit. *Johnson*, 975 F.2d at 609 ("[c]arelessless is

18  not compatible with a finding of diligence and offers no reason for a grant of relief.").  Lantiq

19  asserts that it has no "improper motive" and should receive the Court's "leniency" because of

20  the mistakes it has made.  (D.I. 106, at 10).  Its cavalier disregard for the Court's Scheduling

21  Order, however, by mistake or not, cannot qualify as a justification for leave to amend in this

22  Circuit. *Johnson*, 975 F.2d at 610.

23        Lantiq attempts to distinguish *Johnson* on the basis that, in that case, the party ignored

24  discovery responses, which contributed to its delay.  (D.I. 106, at 6).  Lantiq's situation is no

25  different.   In *Johnson*, the plaintiff was notified of the defendant's corporate liability in a

26  pretrial conference.  *Johnson*, 975 F.2d at 609-10.  The plaintiff ignored that information and

27  instead waited before attempting to amend his complaint.  *Id.*  Similarly, Lantiq was notified of

28  Ralink's   subsidiary   relationship   at   the   case   management   conference   (and   Joint   Case

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR LEAVE TO AMEND

OHSUSA:750090701.1

1   Management Statement), but chose not to act on that information and file an amended

2   complaint.  Now, five months later it attempts to justify its attempt to add MediaTek to this

3   case.  This delay and carelessness is "precisely the kind of case management that *Rule 16* is

4   designed to eliminate." *Id.*

5            **B.      Ralink Would Be Prejudiced by the Proposed Amended Complaint**

6            Joining MediaTek at this late stage of the case would dramatically delay this action

7   and, absent relief from the Court in the form of a separate schedule for litigation of the '116

8   patent, would delay resolution of Ralink's patent infringement claims against Lantiq.  The

9   resulting prejudice that Ralink would suffer "is a significant consideration under both Rule

10   16(b) and Rule 15(a)." *Osakan v. Apple Am. Group*, No. C-08-4722, 2010 U.S. Dist. LEXIS

11   53830, at *13 (N.D. Cal. May 3, 2010).  The Proposed Amended Complaint purports to add

12   three additional defendants, over 50 MediaTek products, and new allegations and patent claims

13   asserted against Ralink.  Hivick Decl. ¶ 13.   As a result, the Proposed Amended Complaint

14   threatens to delay this action by at least one year, because (a) Lantiq would have to start from

15   scratch in serving MediaTek, (b) MediaTek would have to catch up on a discovery that Lantiq

16   and Ralink have been engaged in for nearly a year, (c) the parties would have to serve new

17   infringement and new invalidity contentions directed to new products and new patent claims,

18   and (d) much of the discovery previously conducted in the case would need to be reopened in

19   light of the dramatic expansion in the scope of the action.

20            Contrary to Lantiq's allegations, the need to reopen and complete extended discovery

21   gives this Court valid reason to deny leave to amend.  Indeed, Lantiq itself cited a case that

22   states "a need to reopen discovery and therefore delay the proceedings supports a district

23   court's finding of prejudice from a delayed motion to amend the complaint." *Nucal Foods, Inc.*

24   *v. Quality Egg LLC*, No. CIV S-10-3105 KJM-CKD, 2012 WL 260078, at *4 (E.D. Cal. Jan.

25   27, 2012).  The year-long delay the Proposed Amended Complaint would cause to this case,

26   coupled with Lantiq's many months delay in seeking leave, will cause significant prejudice to

27   Ralink and its '116 patent case against Lantiq.

28            The undue delay the Proposed Amended Complaint will have on this litigation provides

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
LEAVE TO AMEND

OHSUSA:750090701.1

1    additional grounds for denying any request to amend Lantiq's pleading to add MediaTek to

2    this action or, at the very least, would require that any such amendment be conditioned on a

3    separate schedule for this action, so as not to unduly delay the Ralink '116 action.  *See CNET*

4    *Networks v. Etilize Inc.*, 584 F. Supp. 2d 1260, 1269 (N.D. Cal. 2008) (denying leave to amend

5    that would result in prejudice to nonmoving party and modification of scheduling order).

6          **C.      Alleged Prejudice to Lantiq Does Not Support Leave to Amend**

7          Although the good cause requirement looks only to the potential prejudice to the party

8    opposing leave to amend, Lantiq attempts to create a new factor and alleges that it will suffer

9    prejudice if not allowed to add MediaTek and additional patent claims to this case.  *Johnson*,

10    975 F.2d at 609.  Its alleged prejudice only illustrates its delay and carelessness in seeking

11    leave.  First, Lantiq alleges that the amended complaint will "simply bring[] Lantiq's claims

12    in-line with its infringement contentions…" (D.I. 105, at 10).  Apparently, Lantiq is alleging

13    that its own carelessness and mistake in attempting to add MediaTek to its Infringement

14    Contentions, rather than filing an amended complaint in October, causes it prejudice and

15    justifies leave to amend.  Such circular and illogical reasoning cannot provide a reason to

16    modify the scheduling order and obtain leave to amend.

17          Second, Lantiq claims that it—not Ralink—will suffer prejudice, because Ralink has

18    been aware of Lantiq's claims against MediaTek since the filing of its Infringement

19    Contentions.  Lantiq's reasoning again defies logic.  While Lantiq asserts that it could not have

20    filed an amended complaint when it filed its Infringement Contentions, it bases its lack of

21    prejudice to Ralink on the very same information that it had in its possession and included in

22    the Infringement Contentions.  If the Infringement Contentions were sufficient to allege, and

23    put everyone on notice, of the alleged infringement against MediaTek, then Lantiq surely

24    could have filed its second amended complaint at the same time.  The only other result is that

25    Lantiq served its Infringement Contentions in bad faith – which it will surely argue to the

26    contrary.

27

28

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
LEAVE TO AMEND

OHSUSA:750090701.1

**III.    Lantiq Cannot Satisfy Rule 15's Standards For Leave to Amend**

Lantiq again has failed to satisfy the procedural requirements for leave to amend. Indeed, after citing the relevant requirement in its brief that "[i]f 'good cause' is shown, the party must then demonstrate that amendment is proper under Rule 15." (D.I. 106, at 8). Rather than undertaking to make this showing, Lantiq simply buries in a footnote that because it claims to satisfy the good cause standard, it also satisfies the requirement of Rule 15. *Id.* at fn. 5. As the Ninth Circuit has made clear, however, "[a] court's evaluation of good cause [under Rule 16(b)] is not coextensive with an inquiry into the propriety of the amendment under.... *Rule 15*." *Johnson*, 975 F.2d at 609. For example, an amendment that would cause an undue delay in the litigation is a factor against permitting the amendment under Rule 15, but does not appear in a Rule 16 analysis. *AmerisourceBergen Corp.*, 465 F.3d at 951; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2003). Lantiq's refusal to address the requirements for leave to amend under Rule 15 provides the Court with an additional reason to deny Lantiq's motion.

Lantiq likely chose to brush aside the required Rule 15 analysis because it weighs heavily against granting leave to amend. As noted above in Section II.C., Ralink would suffer extreme prejudice by permitting Lantiq to add new claims of infringement against new parties. Moreover, the addition of new parties and new claims of infringement would clearly cause an undue delay in the litigation.

First, if permitted leave to amend, Lantiq would have to serve the Proposed Amended Complaint and a summons on all three new MediaTek parties, including MediaTek Taiwan. Even if the MediaTek parties agreed to waive service under Fed. R. Civ. P. 4(d), MediaTek Taiwan would be permitted 90 days from the date of its waiver to respond to the Complaint. The delay of serving and obtaining a responsive pleading from the MediaTek parties thus would be substantial.[1]

---

[1] Absent waiver, service might entail even more delay, as service of process in Taiwan raises a number of issues, and service of a Complaint through means other than a formal letter rogatory may negate the enforceability of any judgment. See U.S. Dept. of State, Bureau of Consular Affairs, Taiwan Judicial Assistance advisory (http://travel.state.gov/law/judicial/judicial_669.html).

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR LEAVE TO AMEND

OHSUSA:750090701.1

1    Second, the case schedule would need to be adjusted to allow the MediaTek entities to

2    catch up since the current parties to the case have already exchanged infringement and

3    invalidity contentions, claim construction discovery is set to close even before this motion will

4    be heard, and opening claim construction briefing is due shortly after that.  Thus, the current

5    progress of this case and the related case would be prejudicially affected unless the procedural

6    timelines for each are decoupled.

7    Third, Lantiq seeks to add a significant number of new accused products to the existing

8    case.  Lantiq has accused over 50 MediaTek products in the Proposed Amended Complaint.

9    This increased number of accused products far exceeds the original accused products, and

10   would slow the progress of both actions.  Considering the advanced state of discovery and the

11   fact that the parties already have exchanged infringement and invalidity contentions, it would

12   be a considerable, prejudicial burden on the parties and the Court to expand discovery in this

13   action to include the large number of new accused products identified in the Proposed

14   Amended Complaint.

15   Permitting Lantiq to file a Proposed Amended Complaint would work a significant

16   expansion of the present case that will be prejudicial to Ralink both in terms of the prosecution

17   of this case and potentially the Ralink '116 action.  This factor weighs heavily against leave to

18   file a Proposed Amended Complaint.  *AmerisourceBergen*, 465 F.3d at 951; *Johnson v.*

19   *Buckley*, 356 F.3d at 1077; *Fidelity Fin. Corp,* 792F.2d at 1438; *CNET Network.,* 584 F. Supp.

20   2d at 1269 (N.D. Cal. 2008).

21   **IV.     Joinder of MediaTek Violates Rule 20 and the America Invents Act**

22   Contrary to the unfounded allegations in Lantiq's Motion for Leave to Amend and

23   Lantiq's Infringement Contentions, Ralink and MediaTek are separate companies that make

24   and sell separate products.  As evidenced in the documents provided to Lantiq, Ralink has

25   always been and still remains a separate and distinct corporate entity.  Hivick Decl. ¶¶ 11-12.

26   Thus, Lantiq's contention that MediaTek and Ralink merged to form one corporation is false,

27   and Lantiq has, therefore, alleged infringement against a fictitious entity.  Permitting Lantiq to

28   amend its First Amended Complaint to include products from "Ralink/MediaTek" would be

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
LEAVE TO AMEND

1   futile.

2        **A.      Ralink is Not Jointly Liable for Any Alleged Infringement by MediaTek**

3        As a separately incorporated subsidiary, Ralink cannot be held jointly liable for any

4   alleged infringing conduct or products of MediaTek.  Lantiq's Motion provides nothing but

5   speculation on the relationship between MediaTek and Ralink and seeks to hold both

6   companies jointly liable without providing any analysis, much less even mentioning, either veil

7   piercing test used in the 9th Circuit.  Such a grave omission should end the inquiry.

8        Even assuming Lantiq had properly raised an argument that the corporate veil be

9   pierced, it is clear that Ralink and MediaTek cannot share liability for the acts of the other.  "It

10  is a general principle of corporate law deeply 'ingrained in our economic and legal systems'

11  that a parent corporation…is not liable for the acts of its subsidiaries."  *U.S. v. Bestfoods*, 524

12  U.S. 51, 61 (1998).  The lack of liability works both ways, as a subsidiary is not liable for the

13  acts of a parent solely because it is a subsidiary.  *Id.*  The only way for a parent/subsidiary

14  relationship to support a direct infringement claim under 35 U.S.C. § 271(a) towards one entity

15  for the acts of another is "if the evidence reveals circumstances justifying disregard of the

16  status of [the parent and subsidiary] as distinct, separate corporations."  *A. Stucki Co. v.*

17  *Worthington Indus., Inc.*, 849 F.2d 593, 596 (Fed. Cir. 1988); *see also Harris Rutsky & Co.*

18  *Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003) (noting that to

19  show an exception to the rule that parents and subsidiaries are separate entities, the plaintiff

20  bears the burden to establish a prima facie case under either the alter ego test or the agency

21  test); *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1295 (Fed. Cir. 2007) (applying

22  Ninth Circuit law and noting that California courts only pierce the corporate veil as a drastic

23  remedy and are reluctant to disregard the corporate form).[2]  Thus, the mere acquisition of a

---

[2]  To satisfy the "alter ego test," a plaintiff must prove "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice"-- "100% control through stock ownership does not by itself make a subsidiary the alter ego of the parent." *Harris Rutsky*, 328 F.3d at 1134.  To satisfy the "agency test," a plaintiff must prove "that the subsidiary represents the parent corporation by performing services "sufficiently important to the [parent] corporation that if it did not have a representative to perform them, the [parent] corporation . . . would undertake to perform substantially similar services." *Id.*

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
                                                          LEAVE TO AMEND

OHSUSA:750090701.1

1    subsidiary by a parent does not subject one to liability for the acts of the other, especially for

2    acts performed prior to the acquisition.  *A. Stucki*, 849 F.2d at 596.  And a party's attempt to

3    insinuate that a parent corporation is a party to a suit, without being added as a party and solely

4    because of its relationship to the subsidiary in the suit, is improper.  *See Dow Jones & Co., Inc.*

5    *v. Ablaise, Ltd*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) (finding that a subsidiary corporation's

6    attempt to imply that its parent was a party to the case to establish declaratory judgment

7    jurisdiction was improper); *see also* D.I. 48 (citing *Dow Jones & Co, Inc. v. Ablaise, Ltd.*

8    approvingly for the proposition that whether a patent infringement suit exists between the

9    patent owner and subsidiary is irrelevant as to whether a dispute exists between the patent

10   owner and parent corporation).

11          Lantiq has not pled or otherwise shown any facts to support a claim that Ralink and

12   MediaTek have "disregard[ed] the status of [each other] as distinct, separate corporations." *A.*

13   *Stucki Co.*, 849 F.2d at 596.  As a result, Lantiq has not asked—and cannot in good faith ask—

14   the Court to pierce any corporate veil, and therefore, Ralink cannot be charged with infringing

15   any patent based on acts allegedly committed by MediaTek.[3]  *Dow Jones*, 606 F.3d at 1349

16   (noting that "it is well settled law that, absent piercing of the corporate veil … a parent

17   company is not liable for the acts of its subsidiary.").  Thus, Lantiq's attempt to insinuate that

18   MediaTek is a party to this case, without being added as a party and solely because of its

19   relationship to Ralink, must be rejected.  *Id.*; D.I. 48, at fn. 2.

20          Under any theory posited by Lantiq, Ralink cannot be responsible for, forced to defend

21   claims against, or found jointly liable for, any alleged infringement by MediaTek.  Ralink has

22   proven that it did not merge with MediaTek, and Ralink is not responsible for the actions of its

23   parent company.  Accordingly, Ralink cannot defend against allegations of infringement for

24   MediaTek products.  Similarly, Lantiq cannot obtain any relief from Ralink for alleged

25   infringement by MediaTek products.  Permitting Lantiq to amend its complaint to require

26

27   [3] Because Lantiq bears the burden to show an exception to the well-established rule that parents and subsidiaries are separate companies and has not asked this court to pierce the corporate veil, Ralink's motion need not address the complete lack of merit of such a hypothetical claim.  *See Harris Rutsky &*
28   *Co. Ins. Servs.*, 328 F.3d at 1134.

- 14 -        RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
             LEAVE TO AMEND

Ralink to defend against allegations of infringement for MediaTek products would prejudice Ralink and offer Lantiq no cognizable form of relief.

**B.   Joinder is Improper and Any Claims Against MediaTek Must Proceed Separately From this Action**

Because Ralink and MediaTek are separate companies with separate products, any claims against MediaTek must proceed in a separate action.  Lantiq waited to raise infringement claims against MediaTek (or what Lantiq fictitiously calls "Ralink/MediaTek") until well into the discovery period.  Adding MediaTek to this action would unnecessarily delay the case even further and prejudice Ralink's claims against Lantiq.  Not only are Lantiq's claims incompatible with the current schedule and posture of the case, but they are improper under Rule 20 and the recently passed America Invents Act ("AIA").  Therefore, granting Lantiq leave to amend would be futile because any claims against MediaTek would have to be severed.

Indeed, Lantiq cannot join MediaTek to this case because doing so would violate Rule 20(a)(2) and the America Invents Act ("AIA"), 35 U.S.C. § 299.  The recently passed AIA[4] allows for the joinder of defendants *only if*:

> (1)   any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of *the same accused product or process*; and
>
> (2)   questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299 (emphasis added).

The AIA further specifies that parties may not be joined in an action simply because "each have infringed the patent or patents in suit."  *Id.*  As noted above, MediaTek and Ralink are separate companies with separate products and there can be no right to relief that arises out of the same transactions or occurrences relating to "the same accused products or process."  *Id.*

---

[4] The AIA applies to a "civil action commenced on or after the date of the enactment."  Because MediaTek is not a party to the suit, a new civil suit would be started against MediaTek and the provisions of the AIA are applicable.

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR LEAVE TO AMEND

OHSUSA:750090701.1

1   And because each company produces separate products, there are few, if any, questions of fact

2   common to both MediaTek and Ralink.  Lantiq is joining MediaTek to this suit only on the

3   basis that it has infringed the same patent in suit.  This is expressly forbidden under the AIA

4   and Lantiq cannot join MediaTek to this suit.

5          Even if the AIA did not apply to this case, joinder of MediaTek is still inappropriate

6   under Rule 20(1)(2).  This Court has applied Rule 20(a)(2) and ruled that defendants may not

7   be joined based solely on infringing the same patent.  *See WiAV Networks, LLC v. 3COM*

8   *Corp.*, Case No. C 10-03448, 2010 WL 3895047 at *2-3 (N.D. Cal. Oct. 1, 2010).  Congress

9   endorsed this view of Rule 20(a)(2) as the correct reading and the AIA was meant to conform

10   all jurisdictions to the proper rule.  *See* H.R. Rep. No. 112-98, at 54-55 (2011).

11          Lantiq's Proposed Amended Complaint inaccurately attempts to treat MediaTek and

12   Ralink as a single company.  Because MediaTek and Ralink are separate and distinct

13   companies, Lantiq's Proposed Amended Complaint fails to establish that the joined claims

14   arise from the "same transaction, occurrence, or series of transactions or occurrences."  Fed. R.

15   Civ. P. 20(a)(2)(A).  When the operative facts of each transaction (the offer and sale of each

16   accused product) are distinct and unrelated to each other, joinder under Rule 20 is

17   inappropriate.  *Multi-Tech Sys., Inc. v. Net2Phone, Inc.*, Case No. Civ. 00-348, 2000 WL

18   34494824, at *6 (D. Minn. June 26, 2006).  Here, MediaTek and Ralink offer separate and

19   distinct products.  Simply because MediaTek and Ralink are alleged to infringe some of the

20   same patents in suit does not meet the requirement that any joined claims arise from common

21   transactions or occurrences.

22          Lantiq offers two reasons why it believes joinder is proper: (1) MediaTek offers for

23   sale Ralink products; and (2) all Ralink employees now work at MediaTek.  Both are

24   inaccurate and, in any event, insufficient to establish a basis for joinder.

25          To the extent the SAC accuses MediaTek of patent infringement based on its purported

26   sale of Ralink products, such allegations rest solely on inaccurate and unsupported assertions

27   that Ralink and MediaTek are now the same company. As discussed above, however, Ralink

28   has produced in discovery documents showing that Ralink and MediaTek are not the same

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
LEAVE TO AMEND

OHSUSA:750090701.1

1    company and that Ralink remains an independent entity.  Likewise, contrary to Lantiq's

2    assertion, the mere display of certain Ralink products on MediaTek's website cannot form the

3    basis of an infringement claim against MediaTek, because such a display does not constitute an

4    offer for sale within the meaning of the patent act.  *See Rotec Industries, Inc. v. Mitsubishi*

5    *Corp.*, 215 F.3d 1246, 1254-55 (Fed. Cir. 2000) (defining 35 U.S.C. § 271(a)'s "offer to sell"

6    liability according to the norms of traditional contractual analysis).

7           Under established contract analysis, an "offer" is an express manifestation of a

8    willingness to be bound to certain definite terms such that assent to such terms by the other

9    party involved in the transaction will conclude the transaction and bind the parties. See Arthur

10   Linton Corbin, Corbin on Contracts § 1.11, at 28 (Revised Edition 1993) ("An offer is an

11   expression by one party of assent to certain definite terms, provided that the other party

12   involved in the bargaining transaction will likewise express assent to the same terms.");

13   Restatement (Second) of Contracts § 24 (1981) ("An offer is the manifestation of willingness

14   to enter into a bargain, so made as to justify another person in understanding that his assent to

15   that bargain is invited and will conclude it."). The mere display of products on a website does

16   not constitute an offer for sale of such products, particularly where there is no way to purchase

17   or otherwise order any products from that website.

18          Equally as inaccurate is Lantiq's pure speculation in that "[it] would not be surprised to

19   learn that Ralink no longer has any employees."  While some former Ralink employees are

20   now employed by MediaTek, others remain employed by Ralink. For example, contrary to

21   Lantiq's previous representation to the Court, Ralink's former president, Paul Lin, has not

22   moved to MediaTek; instead, Lantiq identified a different employee at MediaTek who is also

23   named Paul Lin and misinformed the Court on this point. Additionally, contrary to Lantiq's

24   present assertion, Mr. Cheng did not transfer from Ralink to MediaTek.  His last employment

25   with Ralink was back in 2005, so he could not possibly have transferred to MediaTek six years

26   later.  Other key Ralink employees also remain employed by Ralink.[5] Moreover, the fact that

27
28   ---
     [5] Lantiq also identifies Messrs Chen, Chou, and Lin as transferring from Ralink to MediaTek. Mr. Chou and Mr. Lin are still employed by Ralink and did not transfer to MediaTek. Mr. Chen has been employed by MediaTek since 2006 and could not have transferred.

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
LEAVE TO AMEND

1   Company A may have employees who render services on behalf of Company B does not mean

2   that Company A and Company B can be treated as one in the same for purposes of legal

3   liability. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122,

4   1135 (9th Cir. 2003) (finding that there is no basis for disregarding the separate status of a

5   parent and subsidiary even where the two shared 100% stock ownership, offices, and

6   employees); *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, Case No. C-09-00511,

7   2011 U.S. Dist. LEXIS 41251 (N.D. Cal. Apr. 12, 2011) (same).  Lantiq's suggestion that

8   sharing employees somehow undermines Ralink's limited liability protections and exposes it

9   to claims asserted against MediaTek is inaccurate as a matter of law.  *Id.* Accordingly, Lantiq's

10  Proposed Amended Complaint fails to meet the joinder requirements under both the AIA and

11  Rule 20.

12  **CONCLUSION**

13        For the foregoing reasons, Ralink respectfully requests that the Court deny Lantiq's

14  Motion for Leave to File Proposed Second Amended Complaint.

15

16  Dated: March 6, 2012                WILLIAM H. WRIGHT
                                    Orrick, Herrington & Sutcliffe LLP

17                                     By: */s/ William H. Wright*

18

19                                      WILLIAM H.WRIGHT
                                    Attorney for Defendants

20                            RALINK TECHNOLOGY CORPORATION
                                    (a Taiwanese Corporation)

21                                        And
                        RALINK TECHNOLOGY CORPORATION

22                                      (a California Corporation)

23

24

25

26

27

28

RALINK'S OPPOSITION TO LANTIQ'S MOTION FOR
LEAVE TO AMEND

OHSUSA:750090701.1