UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANTIQ DEUTSCHLAND GMBH, <br><br> Plaintiff, <br><br> v. <br><br> RALINK TECHNOLOGY CORPORATION, <br><br> Defendant. | Case No.: C 11-00234 EJD (PSG) <br><br> **ORDER DENYING DEFENDANT RALINK TECHNOLOGY CORPORATION'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** <br><br> **(Re: Docket Nos. 120, 129)** |

Defendant Ralink Technology Corporation ("Ralink") administratively moves to file under seal: (1) portions of Exhibit E to the Declaration of Christopher Hivick in support of its opposition to Plaintiff Lantiq Deutschland GMBH's ("Lantiq") second motion to compel; and (2) Exhibits 1 and 2 to the Declaration of Kuo Cheng Lu ("Lu declaration") in support of its opposition to Lantiq's third motion to compel and Lu's declaration.[1] To date, Ralink has not filed redacted, public versions of them. For the reasons set forth herein, the motions are DENIED without prejudice to a renewed motion.

The Ninth Circuit has explained that "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents. This

---

[1] *See* Docket Nos. 121, 130.

Case No. C 11-234 EJD (PSG)
ORDER

right is justified by the interest of citizens in 'keeping a watchful eye on the workings of public agencies.'"[2]

"[A] strong presumption in favor of access is the starting point."[3] Under this standard, a party seeking to seal a judicial record relating to a dispositive motion bears the burden of overcoming the strong presumption of public access by articulating "compelling reasons" supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.[4] For records relating to non-dispositive motions, a threshold lower than "compelling" applies. "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions."[5]

There is no question that the pending motions to compel filed by Lantiq are nondispositive in nature, implicating the lower "good cause" standards of Rule 26(c). But instead of establishing good cause to support these requests, Ralink includes only the following generic statement to justify sealing Lu's declaration and the three exhibits: "[The documents] were designated as "Highly Confidential" and contain highly confidential and proprietary Ralink business information."[6]

Ralink's two administrative motions fall short of meeting even the lower "good cause" standard that applies to nondispositive motions.

As an initial matter, Ralink's administrative motions do not even describe with particularity the exhibits that it seeks to file under seal. To justify sealing the Lu declaration, Ralink's motion merely states that it "discloses Ralink proprietary design practices and discusses Exhibits 1 and 2 to the Declaration." Such generic statements do not justify or even address why portions of Exhibit E, all of Exhibits 1 and 2, and all of the Lu declaration could not simply be redacted. If this is the only justification for the sealing request, it is unclear why a modest effort could not preserve both public

---

[2] *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted).

[3] *Id.* at 1178.

[4] *See id.* at 1178-79.

[5] *Id.* at 1181.

[6] *See, e.g.,* Docket No. 120 at 1.

Case No. C 11-234 EJD (PSG)
ORDER

1 access to the majority of the exhibits and the Lu declaration as well as Ralink's legitimate
2 proprietary interests.  This not only runs afoul of *Kamakana,* but Civil Local Rule 79-5(a), which
3 states that all sealing requests "must be narrowly tailored to seek sealing only of sealable material."

4     In sum, Ralink has not provided good cause to seal any of the exhibits or the Lu declaration.
5 Despite this failure, Ralink will be given until noon on March 30, 2011 to file appropriate
6 declarations setting forth good cause why any document relating to Ralink's oppositions to Iantiq's
7 motions to compel, and any portion thereof, should be filed under seal. The parties are advised that
8 their sealing requests must be narrowly tailored in light of the "strong presumption in favor of
9 access" to court documents.

10     **IT IS SO ORDERED**.

11 Dated: 3/26/2012

12                                        PAUL S. GREWAL
                                       United States Magistrate Judge

Case No. C 11-234 EJD (PSG)
ORDER