UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANTIQ DEUTSCHLAND GMBH, ) | Case No.: 11-CV-00234-EJD (PSG) |
| ) | |
| Plaintiff, ) | **ORDER GRANTING PLAINTIFF'S** |
| v. ) | **MOTIONS TO COMPEL** |
| ) | |
| ) | **(Re: Docket Nos. 109, 117)** |
| RALINK TECHNOLOGY CORPORATION, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

In this patent infringement suit, Plaintiff Lantiq Deutschland GMBH ("Lantiq") moves to compel Defendants Ralink Technology Corporation, a California Corporation, and Ralink Technology Corporation, a Taiwanese Corporation (collectively "Ralink"), to produce documents regarding their post-merger structure and relationship with MediaTek, Inc. ("MediaTek"). In addition, Lantiq moves to compel the production of documents responsive to its first set of document requests and the court's September 15, 2011 order. Ralink opposes both motions. On April 3 and April 10, 2012, the parties appeared for hearings. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Lantiq's motion to compel MediaTek documents is GRANTED.

1

Case No.: C 11-00234 EJD (PSG)
ORDER

During the pendency of this suit, Ralink merged with MediaTek. Lantiq argues that discovery related to a potential technology and products transfer between the two companies, the deal itself, and any valuations involved in the deal are relevant to issues of indirect infringement and damages. Based on the discovery obtained thus far and other publicly-available information, Lantiq is concerned that Ralink exists now only as a "hollow shell" that would frustrate an adverse judgment. A joint press release issued by the two companies on March 16, 2011 stated that MediaTek would be the surviving company and that MediaTek would incorporate Ralink's advanced technology and industry-leading team of engineers. In another press release issued two months later, however, the companies announced that instead of combining into a single entity Ralink would become a wholly-owned subsidiary of MediaTek. Even if Ralink and MediaTek remain separate entities and that Ralink has no plans to integrate its products with those of MediaTek, Lantiq contends that the discovery sought is relevant to confirm whether Ralink still has any assets or whether all of Ralink's assets, including its technology, have indeed been transferred.

Ralink responds principally by noting procedural deficiencies in Lantiq's motion to compel; such as: (1) Lantiq did not comply with Civ. L.R. 37-2 because it did not set forth the request, the response and the objections afterwards; (2) Lantiq failed to meet and confer on a number of categories of documents that it now seeks.

Lantiq's compliance – or lack thereof - with its meet-and-confer and other procedural obligations gives the court pause. These obligations are not merely optional – they are designed to facilitate the orderly exchange of discovery and resolution of disputes. But here the court cannot overlook the reality that, based on the representations made by Ralink and MediaTek in their March 16, 2011 joint press release that they have intermingled their assets and business operations, discovery related to Ralink's new corporate structure appears more than reasonably calculated to lead to the discovery of admissible evidence. Events since then lead further support to this conclusion, including MediaTek's release of a router product using Ralink's "RL" product number

2
Case No.: C 11-00234 EJD (PSG)
ORDER

prefix and a statement from MediaTek's president that MediaTek has been "proactively integrating technical advantages from both parties." Even in its opposition papers, Ralink concedes that MediaTek engages in "marketing support" of the accused products – a vague term that could implicate any number of the acts proscribed under section 271 of Title 35.

No later than May 4, 2012, Ralink shall produce the following:

- Documents and communications regarding the sale/exchange of Ralink's stock with MediaTek;

- Documents and communications related to the MediaTek-Ralink deal and resulting corporate structure (including closing binders);

- Documents regarding post-merger inter-corporate sales, product developments, technology/product sharing/transfers, technology branding, etc.;

- Documents showing Ralink sales of MediaTek products and vice versa;

- Documents and communications showing how MediaTek acquired, obtained or otherwise joined itself with relink, including valuations of Ralink, its technologies and its products;

- Documents and communications showing employee transfers from Ralink to MediaTek and vice versa;

- Documents and communications showing business unit structures, such as current organizational charts, as well as documents describing the division of responsibilities between business units; and

- Documents and communications regarding MediaTek-Ralink/Ralink-MediaTek inter-and intra-company financial transactions/transfers, funding, and balance sheets.

IT IS FURTHER ORDERED that Lantiq's motion to compel documents responsive to its first set of requests is GRANTED.

Lantiq previously moved to compel Ralink to produce documents responsive to its first set of document requests. On September 15, 2011, the court largely granted Lantiq's motion to compel and ordered Ralink to produce responsive documents.[1] Lantiq contends that despite the September 15 order, Ralink has failed to produce all of its responsive documents. Lantiq takes issue specifically with: (1) certain Register Transfer Language ("RTL") code supplied by Synopsys, Inc. ("Synopsys") that has been withheld; (2) the lack of intermediate technical

---

[1] *See* Docket No. 60.

3

Case No.: C 11-00234 EJD (PSG)
ORDER

documents pertaining to the functionality of accused Ralink products that are identified on Ralink's website, such as programming guides, reference designs, turn-key designs, software development kits, software development user guides, circuit diagrams, driver code and software; and (3) Ralink's refusal to produce financial data in native, rather than .TIFF, format.

Ralink responds that it has complied with the September 15 order. Regarding the Synopsys-supplied RTL code, Synopsys previously objected to production. Regarding the so-called intermediate technical documents, Ralink insists that it does not make use of schematics, circuit diagrams or other such forms for the design of the accused products. As explained in the declaration of Kuo Chang Lu, Ralink instead uses RTL code to document the design of its products and then provides to its customers detailed and descriptive data sheets so that they can determine how the products operate and the specifications for the products. Regarding Lantiq's request for financial data in native format, Ralink offers no substantive response.

The court is persuaded that Lantiq's demands are warranted and orders:

1. Working with Synopsys, Ralink shall produce the disputed RTL code subject to the condition that Ralink shall give Synopsys five days notice before taking possession of any paper copies of the code so that Synopsys may have the opportunity to raise any objection.

2. Based on Lantiq's showing that certain intermediate technical documents are reflected on Ralink's website, in Ralink's customer documents, and in Ralink's own production of documents, Ralink shall produce all of the intermediate technical documents for the accused products specified in Lantiq's motion in its possession, custody or control.

3. Ralink shall produce all financial data in native (not .TIFF) format.

Ralink shall comply with this order no later than May 11, 2012.

**IT IS SO ORDERED.**

Dated: 4/25/2012

PAUL S. GREWAL
United States Magistrate Judge

4

Case No.: C 11-00234 EJD (PSG)
ORDER