1

2

3

4

5

6

7

8

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| LANTIQ DEUTSCHLAND GMBH, | ) | Case No.: 5:11-CV-00234 EJD |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION FOR** |
| | ) | **LEAVE TO FILE PROPOSED** |
| v. | ) | **SECOND AMENDED COMPLAINT** |
| | ) | |
| RALINK TECHNOLOGY CORPORATION, | ) | **(Re: Docket No. 106)** |
| ET AL., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the court is Plaintiff Lantiq Deutschland GMBH's ("Lantiq") motion for

leave to file the proposed Second Amended Complaint ("SAC"). Defendant Ralink Technology

Corporation, a California Corporation, and Defendant Ralink Technology Corporation, a

Taiwanese Corporation, ("Ralink") oppose the motion. For the reasons discussed below Lantiq's

motion is GRANTED.

I.      BACKGROUND

On October 14, 2011, Lantiq and Ralink filed a joint case management statement stating,

"Plaintiff Lantiq notes that, on October 1, 2011, Ralink Taiwan merged with MediaTek
Inc., a Taiwanese corporation with its principal place of business at No. 1, Dusing Rd.
1, Hsinchu Science Park, Hsinchu, Taiwan, R.O.C. and that Ralink Taiwan is now a
wholly owned subsidiary of MediaTek Inc. Ralink notes that Ralink Taiwan remains a
separate corporation, that MediaTek, Inc. is not a party to this action, and that Ralink is
unaware of any matters relating to MediaTek that are at issue in this action. Lantiq has

1

Case No.: 5:11-CV-00234 EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE PROPOSED SECOND AMENDED
COMPLAINT

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

served discovery requests on Ralink regarding the merger and the purported resulting corporate structure."

Joint Case Management Statement, Docket No. 65 at 2:3-9.

On October 24, 2011, the court issued a case management order stating that "the deadline for joinder of any additional parties, or other amendment to the pleadings is sixty days after entry of this order." Docket No. 71. On December 23, 2011, Plaintiffs filed a Second Amended Complaint. See Docket No. 79. On February 1, 2012, the court struck that complaint because it was filed without leave of court. See Docket No. 94. On February 21, 2012, Lantiq filed this motion for leave to file the SAC. The SAC would make the following changes:

- "Names MediaTek Taiwan, MediaTek USA and MediaTek Wireless ["MediaTek"] as defendants.
- Asserts claims for infringement of the Födlmeier '799 and Preiss '904 patents—the two patents already asserted in the FAC against both MediaTek and Ralink—based on MediaTek's sale of accused Ralink-branded products, as well as the sale of MediaTek products.
- Seeks damages jointly and severally against Ralink and MediaTek to the extent proven at trial.
- Adds claim 12 of the Födlmeier '799 Patent (claims 1-11 and 13 having previously been asserted) against Ralink and MediaTek, and generally updates the complaint to reflect facts learned during the course of discovery. Lantiq had asserted claim 12 in its preliminary infringement contentions."

Lantiq's Motion To File Amended Compl. at 8:23-9:4, Docket No. 106.

On March 6, 2012, Ralink filed its opposition to the motion. Ralink argues the motion to amend should be denied because Lantiq failed to request modification of the scheduling order, Lantiq's lack of diligence in pursuing the amendment negates good cause, the amendment would cause delay which would prejudice Ralink, and joinder of MediaTech is improper under Fed. R. Civ. P. 20 and the America Invents Act. On March 13, 2012, Lantiq filed its reply. On March 27, 2012, the court took the motion under submission without oral argument.

## II.     LEGAL STANDARDS

Under Rule 15, after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should

2

Case No.: 5:11-CV-00234 EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE PROPOSED SECOND AMENDED COMPLAINT

**United States District Court**
For the Northern District of California

1    freely give leave when justice so requires." Id. This leave policy is applied with "extreme

2    liberality." See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). A

3    court considers five factors to determine whether to grant leave to amend: (1) bad faith; (2) undue

4    delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff

5    previously amended his complaint. See Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

6    Delay alone is insufficient to justify denial of leave to amend. Jones v. Bates, 127 F.3d 839, 847 n.

7    8 (9th Cir. 1997). Of the factors, prejudice to the opposing party is the "touchstone of the inquiry

8    under Rule 15(a)" and "carries the greatest weight." See Eminence Capital, 316 F.3d at 1052.

9    Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a)

10   favoring granting leave to amend. See id. The party opposing a motion to amend bears the burden

11   of showing prejudice. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

12          Nevertheless, motions to amend the pleadings filed after the date set in the court's

13   scheduling order must satisfy the more stringent "good cause" showing required under Rule 16.

14   See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992). "Unlike Rule

15   15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose

16   an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard

17   primarily considers the diligence of the party seeking the amendment." Id. at 609.

18          In this case, Lantiq filed its motion on February 21, 2012, after the December 23, 2012

19   deadline set in the court's scheduling order. See Docket No. 71. Thus, the court examines the

20   motion through the lens of the "good cause" standard and then turns to the Rule 15 analysis.

21                              III.    DISCUSSION

22          First, Ralink argues that Lantiq's motion is procedurally defective because Lantiq failed to

23   file a motion for leave to amend the scheduling order in addition to the motion for leave to amend

24   the complaint. A court may deny as untimely a motion filed after the cut-off date in the scheduling

25   order where no request to modify the order was made. See Johnson, 975 F.2d at 608. Lantiq has not

26   captioned its motion as a motion to modify the scheduling order for good cause and does not

27   mention Rule 16 in its motion. Although Lantiq's motion is not in the form of a motion to modify

28

3

Case No.: 5:11-CV-00234 EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE PROPOSED SECOND AMENDED
COMPLAINT

United States District Court
For the Northern District of California

1    the scheduling order, it makes the substantive argument that there is good cause for the proposed

2    amendment and cites to cases that analyze amendments under Rule 16. Thus, the court treats the

3    motion as a motion to modify the scheduling order. See Johnson v. Country of Alameda, No. C.

4    10-01437-RS, 2011 WL 2610138, at *5-6 (N.D. Cal. July 1, 2011) (treating a motion for leave to

5    amend the pleadings also as a motion to revise the scheduling order).

6          Ralink also argues that Lantiq did not pursue its amendment with diligence as required by

7    Rule 16(b). On September 22, 2011, Lantiq served a request for production of documents seeking

8    information about MediaTek's relationships with Ralink. See Docket No. 106-23. On October 14,

9    2011, Lantiq represented to the court its belief that Ralink and MediaTek had merged, while Ralink

10   merely asserted that Ralink remained a separate corporation and did not comment on the merger.

11   See Docket 65 at 2. On December 23, 2011, Lantiq filed a Second Amended Complaint adding

12   MediaTek as a defendant without obtaining leave of court. In opposition to Ralink's motion to

13   strike that complaint, Lantiq argued that under the court's scheduling order it need not obtain leave

14   of court to file any amended pleading until after the December 23, 2012 deadline. On January 31,

15   2011, Lantiq filed proofs of service of MediaTek. On January 9, 2012, Ralink issued a press release

16   that MediaTek would be releasing its first product since its merger with Ralink, and this product is

17   identified with the same prefix that Ralink uses for its products. See Docket No. 106-6. On

18   February 1, 2012, the court addressed the error in Lantiq's reading of the scheduling order and

19   struck the complaint. See Docket No. 94. On February 21, 2012, Lantiq filed this motion to amend.

20   Given this timeline, the court finds that Lantiq exhibited diligence in its handling of the facts that

21   gave rise to the addition of MediaTek as a defendant and that good cause exists under Rule 16.

22         Ralink further argues that the amendment should not be permitted under Rule 15 because it

23   will cause delay that will prejudice Ralink.  Ralink argues that the proceeding will be delayed

24   because MediaTek will need to engage in discovery that has already been conducted between the

25   existing parties. As a result, Ralink's ability to pursue its claims against Lantiq for infringement of

26   the '116 patent will be substantially delayed. The court notes that the discovery cut-off dates have

27   not yet passed and the existing parties are actively engaged in the discovery process. "Having to

28
                                                        4
     Case No.: 5:11-CV-00234 EJD
     ORDER GRANTING MOTION FOR LEAVE TO FILE PROPOSED SECOND AMENDED
     COMPLAINT

United States District Court
For the Northern District of California

1    engage in activities now, rather than at an earlier time in the case, in and of itself, does not

2    constitute prejudice to defendants." <u>Johnson</u>, 2011 WL 2610138, at *6. Ralink has not identified

3    how its claims or defenses will be prejudiced by any resulting delay, and delay alone is insufficient

4    to justify denial of leave to amend. <u>Jones v. Bates</u>, 127 F.3d 839, 847 n. 8 (9th Cir. 1997). The

5    court therefore finds that under the liberal standard of Rule 15, leave to amend should be granted.

6          Finally, Ralink makes several arguments that joinder is improper under Fed. R. Civ. P. 20

7    and the America Invents Act, 35 U.S.C. § 299. Under Rule 20, defendants may be joined in one

8    action if the plaintiff is seeking joint, several, or alternative liability with respect to or arising out of

9    the same transaction, occurrence, or series of transactions or occurrences and there are common

10   questions of law or fact. Under Section 299 of the America Invents Act, those transactions or

11   occurrences must relate to the making, using, importing into the United States, offering for sale, or

12   selling of the same accused product or process. 35 U.S.C. § 299(a). Lantiq argues that joinder is

13   appropriate because the SAC alleges that MediaTek sells Ralink's infringing products. Ralink

14   argues that there is insufficient evidence to show that MediaTek has offered Ralink's products for

15   sale, specifically discussing the content of MediaTek's website. Although Ralink argues that

16   Lantiq's evidence is insufficient, Ralink has not argued that the allegations in the SAC regarding

17   MediaTek's sale of Ralink's products fail to form a basis for joinder under Rule 20(a)(2) or the

18   America Invents Act. Ralink also has not cited any authority that would require Lantiq to produce

19   evidence to support those assertions in order to amend its complaint.

20   Accordingly,

21          IT IS HEREBY ORDERED that Lantiq's motion for leave to amend is GRANTED. Lantiq

22   shall file its proposed SAC no later than May 4, 2012.

23          IT IS FURTHER ORDERED that, in light of the SAC, the parties shall appear for a further

24   case management conference on May 18, 2012. The parties shall submit a joint case management

25   conference statement no later than May 8, 2012. This statement may include any proposed

26

27

28
                                        5

**United States District Court**
For the Northern District of California

1    schedule modifications including any proposed separate schedule for the '116 patent claims.

2    Dated:  April 30, 2012

3

4                                                    EDWARD J. DAVILA
                                                     United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Case No.: 5:11-CV-00234 EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE PROPOSED SECOND AMENDED
COMPLAINT