UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANTIQ DEUTSCHLAND GMBH, | Case No.: 11-CV-00234-EJD (PSG) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO STRIKE** |
| v. | **(Re: Docket No. 100)** |
| RALINK TECHNOLOGY CORPORATION, ET AL., | |
| Defendants. | |

Defendants Ralink Technology Corporation, a California corporation, and Ralink Technology Corporation, a Taiwanese corporation (collectively "Ralink"), move to strike Plaintiff Lantiq Deutschland GMBH's ("Lantiq") Patent L.R. 3-1 disclosure of asserted claims and infringement contentions. Lantiq opposes the motion. On May 1, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Ralink's motion to strike is GRANTED.

Ralink moves to strike Lantiq's Pat. L.R. 3-1 disclosure of asserted claims and infringement contentions on the grounds that they include reference to products made and sold by Ralink's parent company, MediaTek, Inc. ("MediaTek"). At present, MediaTek is neither a party to the case

nor is it an "opposing party" within the meaning of Pat. L.R. 3-1.[1] In addition to 50 accused Ralink products, Lantiq's infringement contentions also include 50 accused MediaTek products. Lantiq's contentions allege that Ralink and MediaTek directly infringe U.S. Patent No. 6,351,799 (the "'799 Patent"), that Ralink infringes U.S. Patent No. 7,061,904 (the "'904 Patent"),[2] and that Ralink and MediaTek indirectly infringe both patents. Ralink complains that rather than specify the exact party practicing each limitation as Pat. L.R. 3-1 requires, Lantiq has resorted to creating a fictitious non-party identified only as "MediaTek/Ralink." While Ralink acknowledges that it is a subsidiary of MediaTek, it stresses that the two companies are separate entities (as evidenced by certain Taiwanese government documents it has produced to Lantiq). Because MediaTek is not a party to the case and Lantiq has not sought to "pierce the corporate veil," Ralink argues that Lantiq's infringement contentions that reference "MediaTek/Ralink" should be struck. Finally, Ralink complains that Lantiq served purposefully vague contentions by grouping Ralink and MediaTek products together in groups of representative products. Such contentions fail to provide Ralink with adequate notice of any alleged infringement specific to its own products.

Lantiq responds that Ralink has been dilatory in bringing this motion in the first place and that there is no complication or delay attendant to including MediaTek products in Lantiq's contentions. Regardless of whether MediaTek is a party in the case, Lantiq argues that the MediaTek-branded products identified in its contentions nevertheless are relevant. MediaTek itself acknowledges publicly that at least some MediaTek-branded products incorporate Ralink technology. Lantiq also notes that it did move to add MediaTek as a party to the case.

On April 30, 2012, the presiding judge granted Lantiq's motion for leave to file a second amended complaint adding three MediaTek entities, including MediaTek USA and MediaTek

---

[1] On December 23, 2011, Lantiq filed a second amended complaint adding three MediaTek entities as defendants in the case. On February 1, 2012, the presiding judge granted Ralink's motion to strike the second amended complaint on the grounds that Lantiq had not sought leave as is required under Fed. R. Civ. P. 15(a). *See* Docket No. 94. On February 21, 2012, Lantiq moved to file its second amended complaint. *See* Docket No. 106.

[2] Ralink states that while Lantiq's contentions appear to allege that Ralink alone infringes the '904 Patent, a summary claim chart for the '904 Patent included with the contentions accuses "MediaTek/Ralink" products of infringement.

Wireless, Inc., as defendants in the case.[3] In light of this order, Ralink's motion to strike Lantiq's contentions on the grounds that MediaTek is not a party appears to be moot.

The court nevertheless agrees that the contentions are vague and fall short of the requirements set forth in Pat. L.R. 3-1, particularly with respect to the unspecific references to "MediaTek/Ralink" products, the predicate acts for Lantiq's indirect infringement claims[4] and where each limitation of each asserted claim is found within each accused MediaTek and Ralink product. Now that MediaTek may be added as an opposing party, Lantiq should correct these defects. Lantiq shall comply with this order no later than May 15, 2012.

**IT IS SO ORDERED.**

Dated:

PAUL S. GREWAL
United States Magistrate Judge

---

[3] *See* Docket No. 164.

[4] *See Network Caching Tech., LLC v. Novell Inc.*, No. C-01-2079-VRW, 2002 WL 32126128 (N.D. Cal. Aug. 13, 2002); *Bender v. Maxim Integrated Products, Inc.*, No. C 09-01152 SI, 2010 WL 2991257, *2-4 (N.D. Cal. Jul. 29, 2010). Lantiq should not delay serving it amended contentions based on any outstanding discovery owed by Ralink or any other entity. *See Shared Memory Graphics LLC v. Apple Inc., et al.*, No. C 10-02475 MMC (JSC), 2011 WL 3878388 (N.D. Cal. Sept. 2, 2011).

3
Case No.: C 11-234 EJD (PSG)
ORDER